**Elisa Rena WARREN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–87–1009–CR, 01–87–1010–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 15, 1989.

Rehearing Denied Feb. 1, 1990.

Kirby Taylor, Bobbi Blackwell, Houston, for appellant.

John B. Holmes, Dist. Atty., Jose Gonzalez–Falla, Jim Finamore, Asst. Dist. Attys., Houston, for appellee.

Before WARREN, COHEN and O'CONNOR, JJ.

O'CONNOR, Justice.

A jury convicted appellant, Elisa Rena Warren, in cause number 467,541, of theft from a person. The trial court convicted appellant in cause number 467,518 of theft from a person. Each case involved separate dates, items, and complaining witnesses. The court imposed a two-year sentence for each conviction and ordered that the sentences run concurrently. Appellant's first six points of error relate to her jury trial; her final two points relate to the non-jury trial.

I. THE JURY TRIAL

A. THE EVIDENCE

On January 22, 1987, Sergeant Rice and Officers Nesbitt and Price set up a prostitution surveillance in the club of the Westin Galleria Hotel. The three officers entered the club separately and pretended not to know each other. About 11 p.m., appellant entered the bar and ordered a glass of wine. About thirty minutes later, Nesbitt bought a glass of wine for her and introduced himself, using an alias. After they talked for awhile, Nesbitt noticed appellant had only taken a few sips of her drink and asked if she was going to drink the wine.

She responded that she really liked orange juice and vodka. She declined Nesbitt's offer to buy her vodka and orange juice. A few minutes later, appellant said she was going to go back to her room where her friend was waiting. Nesbitt told her he was going back to his room, too. She offered to meet him in his room for a drink in a few minutes. She told him she would bring some vodka and orange juice from her room. Nesbitt said he had bourbon and Coke in his room. Appellant left the club.

On his way out, Nesbitt tapped Rice on the arm and asked him to meet him in the restroom. He told the sergeant he was on his way to meet appellant in one of the two hotel rooms they had rented for the surveillance. Nesbitt suspected appellant planned to drug and rob him. Sergeant Rice told Nesbitt he would be in the adjacent room with Officer Price.

Nesbitt went into one of the hotel rooms, and Rice and Price went into the adjacent one. Nesbitt took off his boots, jacket, and tie, and fixed himself a drink. After the officers were in place, appellant knocked on Nesbitt's door, and he let her in. Besides her purse, appellant was carrying a bottle of vodka and a bottle of orange juice. As soon as she arrived, she went into the bathroom.

Nesbitt pretended to sleep. When appellant came out of the bathroom, she jostled him and asked him to get some ice from the machine down the hall. When Nesbitt returned, his drink was gone, and appellant had fixed him a new one.

Appellant told Nesbitt to drink up because her friend was waiting for her. Nesbitt pretended to sip the drink but poured part of it down the drain. Nesbitt told appellant he was tired and wanted to lie down. Appellant suggested she rub his shoulders, so Nesbitt removed his shirt. While appellant rubbed Nesbitt's shoulders, he pretended to pass out. Appellant tested his wrist and felt for his pulse, then turned him over on his back, unbuckled his pants, and took them off. She then removed his gold chain, medallion, and his wrist watch. She walked into the bath-

room. When Nesbitt heard a click at the door, he thought appellant was about to leave, so he got up and told her she was under arrest.

Seconds later, the two officers in the next room joined them. After they arrived, Nesbitt recovered his gold chain, medallion, watch, and $230 from appellant's purse. The officers retrieved an orange juice bottle, a vodka bottle, and a glass from the room.

At trial, Nesbitt acknowledged that lab tests found no drugs in the orange juice, vodka, or his drink. When Nesbitt told appellant that she was under arrest, she stated, "I didn't do anything." Nesbitt also acknowledged that at the bar, he approached appellant, and that appellant might have been going to the room of someone she met in a bar. Nesbitt testified that appellant did not steal his pants; but, he also stated that appellant removed his pants without his permission. Because he arrested appellant before she left, he did not know what she planned to take with her.

## B. THE THEFT OF THE OFFICER'S PANTS.

In her first three points of error, appellant challenges the conviction because the State did not prove all of the allegations in the indictment. The indictment charged that on January 22, 1987, appellant—

appropriate[d] by acquiring and otherwise exercising control over property, namely, one watch, one necklace, cash money and *one pair of pants*, owned by J.W. Nesbitt, a person having possession of the property and hereafter styled the Complainant, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant, and the Defendant stole the property from the person of the Complainant.

[Emphasis added.] Appellant contends this Court must reverse her conviction because the State did not prove beyond a reasonable doubt that she stole Nesbitt's pants.

## 1. APPELLANT'S MOTIONS FOR DIRECTED VERDICT.

At the close of the State's case in chief, appellant moved for a directed verdict. The trial court overruled the motion. In her first point of error, appellant challenges that ruling.

After the trial court denied her motion for directed verdict, appellant proceeded to present evidence of a defense. As the State points out, appellant waived any error by presenting a defense. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Crim. App.1981) (citing *Shirley v. State*, 501 S.W.2d 635, 637 (Tex.Crim.App.1973)).

We overrule appellant's first point of error.

■ After the jury returned a verdict of guilty, appellant again moved for a directed verdict, this time without stating any reasons. Rule 52(a) provides:

To preserve a complaint for appellate review, a party must present a timely request, objection or motion to the trial court. If the specific grounds are not clear from the context, the party must state the specific grounds for the ruling he wants. The complaining party must get the trial court to rule on the request, objection or motion.

Tex.R.App.P. 52(a). Because appellant did not make a specific objection, she did not preserve error.

## 2. THE SUFFICIENCY OF THE EVIDENCE.

### a. *Did the State Prove Appellant Intended to Steal the Pants?*

As part of point of error two and in point of error three, appellant challenges the sufficiency of the evidence. We will address these points of error together. As part of point of error three, appellant also contends the trial court violated her right to due process by convicting her without proof beyond a reasonable doubt of all allegations in the indictment.

When we review the sufficiency of the evidence, we examine it in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.

1984). We judge the sufficiency of the evidence to support a conviction by the standard established by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 320, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). After viewing the evidence in the light most favorable to the verdict, we determine whether a rational fact finder could find the essential elements of the crime beyond a reasonable doubt. *Anderson v. State*, 701 S.W.2d 868, 872 (Tex.Crim.App.1985). If not, we must reverse. We apply this standard·to both direct and circumstantial evidence. *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex. Crim.App.1983). If the evidence supports an inference other than appellant's guilt, we cannot find beyond a reasonable doubt that appellant is guilty. *Anderson*, 701 S.W.2d at 872.

Appellant contends the evidence is insufficient to prove she intended to deprive Nesbitt of his pants. This Court has stated:

The intent to deprive the owner of property must be proved in order to sustain a theft conviction, and failure to prove it requires reversal.

*Falcone v. State*, 682 S.W.2d 418, 420 (Tex. App.—Houston [1st Dist.] 1984, no pet.).

The trial court instructed the jury that, under the Texas Penal Code,

"deprive" means to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner.

*See* Tex.Penal Code Ann. sec. 31.01(3)(A) (Vernon 1989).

Appellant argues that Nesbitt admitted appellant did not steal his pants. This alone, she says, is enough to acquit her. She also contends the jury's note to the trial court is evidence that the jury improperly convicted her:

If we, the jury, believe the facts prove the defendant is guilty of stealing the watch, necklace, and money mentioned in the indictment, but not guilty of stealing the pants can the defendant be found guilty as charged in the indictment?

The trial court responded: "Read the charge—continue to deliberate." The jury then returned a verdict of guilty.

The State responds that it is not important how long appellant actually possessed the pants. The State claims appellant intended to deprive the officer of his pants at the time she removed them.

■ The State must prove appellant intended to deprive Nesbitt of his pants permanently, not just that she intended to remove them from his body to reach his wallet. In *Rowland v. State*, 744 S.W.2d 610, 612 (Tex.Crim.App.1988), the court said:

> While evidence of actual deprivation may be evidence of intent to deprive, other evidence may also indicate whether intent to deprive exists.

■ The evidence supports a finding that appellant removed the officer's pants. It does not, however, prove intent. Nesbitt testified that appellant removed his pants without his permission. When Nesbitt arrested appellant, the only items she had in her possession were those things in her purse. His pants were on the floor. We agree with appellant that a rational trier of fact could not have found the necessary intent to steal the pants beyond a reasonable doubt.

The State also argues that, when appellant removed Nesbitt's pants, she withheld the pants for such an "extended a period of time that a major portion of the value or enjoyment of the property [was] lost to the owner." The State claims the principal value of the officer's pants was that they served as a container for his money. "By removing Nesbitt's pants," the State argues, "the appellant left him without money." The State, however, cites no authority for the notion that a man's pants are principally valuable as the container of his valuables.

The State charged appellant with stealing both the pants and the money. When appellant removed the money from the pockets of the pants, she took possession of the money. She did not reduce the value of the pants.

b. *Did the Failure to Prove Theft of the Pants Invalidate the Conviction?*

■ We must now determine the effect of this on appellant's conviction. This case is similar to a theft case in which the State alleges the value of property stolen but does not prove that each item was stolen. The State meets its burden when it proves the elements of the offense of theft. Value of the property stolen determines the penalty range for the crime. Theft from a person is a third degree felony regardless of the value of the property. We note that appellant did not object to the charge.

In *Wiley v. State*, 632 S.W.2d 746, 748 (Tex.Crim.App.1982), the Court of Criminal Appeals upheld a conviction for theft, even though the State did not show the defendant appropriated all of the items listed in the indictment. The State did prove that the value of the items stolen fell within the amount alleged. *Id.* Appropriation of any of the property from Nesbitt's person supports a conviction for theft from a person.

We find there was sufficient evidence to support appellant's conviction of the offense charged in the indictment and overrule appellant's second and third points of error.

## C. APPELLANT'S REQUESTED INSTRUCTION.

■ In her fourth point of error, appellant asserts the trial court erred because it did not submit her requested instruction to the jury. At trial, appellant requested that the trial court instruct the jury:

> If you find from the evidence beyond a reasonable doubt that the defendant did exercise control over the said necklace but you further find from the evidence or you have a reasonable doubt thereof that the defendant did not intend to deprive the owner of the property when she exercised control over it, then you will acquit the defendant.

Appellant testified that Nesbitt handed her his necklace while he lay on the bed. She said she took the necklace and placed it on the nightstand. Appellant contends her

testimony raised a defensive issue and warranted the instruction.

Appellant correctly points out that if any evidence raises an affirmative defense, the trial court must submit that issue to the jury. *Sanders v. State*, 707 S.W.2d 78, 80 (Tex.Crim.App.1986). The Court of Criminal Appeals in *Sanders* noted that, under the Penal Code, for a defendant to be entitled to an affirmative defense, a defendant must admit the commission of the offense. For example, in entrapment, a defendant must acknowledge he committed the crime but show he was not responsible because the law enforcement officers entrapped him. A defense justifies the act or absolves the defendant of any criminal responsibility. *Id.* at 81. Accordingly, defenses—

> consist of facts which exonerate the defendant and *do not simply disprove an element of the offense....* [I]f the alleged defensive theory merely negates an element of the offense, then no affirmative charge must be given.

*Sanders*, 707 S.W.2d at 81 [emphasis in original].

Appellant's requested instruction specifically directs the jury to acquit if it finds the absence of an element of theft: intent to deprive. The trial court correctly refused to submit the instruction, and we overrule her fourth point of error.

## D. LEGALITY OF THE ARREST.

Appellant's fifth point of error challenges the legality of her warrantless arrest and the evidence seized as a result of her arrest.

The Code of Criminal Procedure permits a peace officer to make a warrantless arrest only in restricted circumstances. An officer may arrest an offender if the officer witnesses an offender commit an offense or if an officer knows that a felon is about to escape. Tex.Code Crim.P.Ann. arts. 14.01(b) and 14.04 (Vernon 1977). The Penal Code states that theft from a person is a third degree felony, regardless of the value of the property. Tex.Penal Code Ann. sec. 31.03(e)(4)(B) (Vernon 1989).

■ Appellant argues that the offense was not committed in the presence of the officers. She claims that because Nesbitt had his eyes closed, he could not see her commit an offense. Her arrest, she maintains, was proper only if the evidence showed she was about to escape. *See* Tex. Code Crim.P.Ann. art. 14.04 (Vernon 1977). We disagree.

Only Nesbitt and appellant were in the hotel room when the offense occurred. Although Nesbitt testified he did not *see* appellant take his necklace, watch, and pants, he did *feel* her remove these objects from his person. Article 14.01 permits an officer to make a warrantless arrest when an offense is "committed in his *presence* or within his view." Nesbitt was present when appellant committed the crime. Nesbitt knew appellant removed his property from his person without his permission when he arrested her. The Court of Criminal Appeals has stated:

> An offense has occurred within the view of an officer when his senses afford him knowledge thereof. If an officer is apprised by any of his senses that a crime such as this is being committed in his presence or view, he is justified in arresting without warrant.

*Clark v. State*, 117 Tex.Crim. 153, 35 S.W.2d 420, 422 (1931) (citations omitted). The warrantless arrest was proper. We also note, as the State points out, appellant did not object to any testimony on the ground that her arrest was illegal. We overrule appellant's fifth point of error.

## E. PREJUDICIAL REMARKS BY PROSECUTOR.

In her sixth point of error, appellant argues that highly inflammatory remarks on extraneous matters prejudiced the jury and effectively denied her a fair trial. Specifically, appellant objects to remarks about prostitution and drugs she contends allowed the jury to consider evidence of offenses not before them. Appellant identifies statements made by the prosecutor in opening argument, testimony, and remarks made in closing argument.

During the trial, the prosecutor elicited testimony about a current "fad" in crime.

According to two of the officers, prostitutes had begun drugging persons and robbing them. Nesbitt testified that he suspected appellant would try to drug him. Appellant objected to some of this testimony, but she did not object to the prosecutor's opening statement or closing arguments. Nor did appellant object to some of the references to "drugging" in the testimony of the officers.

■ The State cannot introduce evidence of other crimes to prove a defendant's guilt. Tex.R.Crim.Evid. 404(b). The State cites the exception in *Mitchell v. State*, 650 S.W.2d 801, 811 (Tex.Crim.App.1983):

It is well settled that where one offense or transaction is one continuous episode or another offense or transaction is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper.

We do not agree that this exception applies to this case. The officers did not testify about extraneous offenses committed by appellant. Rather, the testimony explained the officers' reactions and suspicions. As such, it was permissible. *See MacDonald v. State*, 761 S.W.2d 56, 61 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

Appellant did not object to the prosecutor's closing arguments:

All that we ask you to take and use to evaluate this testimony. The drugs are not the issue in this case. I brought them forward to you because it was some of the facts. But they're not any of the elements. *It doesn't say we have to prove that the defendant slipped the complaining witness a Mickey Finn. But there was a question about it. I don't know if she actually did and the drugs were never evaluated properly. I just know the test results that the officer testified said no drugs. But the officer did testify to you that he had some sensation.*

But the very most important part of all of his testimony was regardless of whether or not they were drugs or if he had an effect of those drugs. Once he led the defendant, Elisa Warren, to believe that he had passed out, she went to work. She went to work to rip him off. She took his watch off. She took his necklace off only after making very sure that in her limited abilities, that he was actually passed out and the defendant—the complaining witness, Mr. Nesbitt, told you that this woman did not run about crazy.

\* \* \* \* \* \*

*This plain, everyday person who when she gets that stranger up in the hotel room, tries to knock him out. Once he is drugged, she—*

MR. TAYLOR: We object to that as totally outside the record. There's nothing to indicate any drugs whatsoever.

THE COURT: The jury's heard it.

[Emphasis indicates the arguments appellant challenges in her brief.]

The Texas Court of Criminal Appeals has identified four areas of permissible jury argument: summation of the evidence, reasonable deductions from evidence, response to defendant's argument, or plea for law enforcement. *Gomez v. State*, 704 S.W.2d 770, 771 (Tex.Crim.App.1985). To determine the propriety of an argument, we must consider the entire argument, not just isolated statements. *Mosley v. State*, 686 S.W.2d 180, 183 (Tex.Crim.App.1985). We regard a prosecutor's improper argument as reversible error when it is extreme, it is manifestly improper, it violates a mandatory statute, or it injects new and harmful facts into the trial proceeding. *McKay v. State*, 707 S.W.2d 23, 36 (Tex.Crim.App. 1985); *Phillips v. State*, 701 S.W.2d 875, 892 (Tex.Crim.App.1985).

■ Appellant did not object in the trial court to the first argument that she raises before this Court. Appellant did object to the second argument, but she did not obtain a ruling on the objection. Without an objection, appellant waived the error unless the argument was so prejudicial that no instruction could have cured it. *Green v. State*, 682 S.W.2d 271, 295 (Tex.Crim.App. 1984). We find that any prejudice caused by the statements could have been cured by instructions to disregard.

## II. THE NON–JURY TRIAL

### A. INVOLUNTARY PLEA.

Appellant's seventh point of error asserts the trial court violated her constitutional right of due process by accepting an involuntary plea of no contest in cause number 467,518, the non-jury case. Because of our disposition of appellant's final point of error, we do not address this point.

### B. NO FINDING OF GUILT.

In her final point of error, appellant contends the trial court committed reversible error in sentencing her without first finding her guilty. We agree with appellant that the trial court did not adjudicate her guilt in cause number 467,518, and we dismiss her appeal in that case. *See Russell v. State*, 288 S.W.2d 502 (Tex.Crim.App. 1956); *McFarland v. State*, 727 S.W.2d 43, 44 (Tex.App.—San Antonio 1987, no pet.).

On August 26, 1987, appellant appeared before the trial court and entered a plea of no contest. At that hearing, the trial court announced that he was going to defer finding appellant guilty until a pre-sentence report was submitted. On the judgment, the trial court scratched out "found" and wrote "defer finding" so that it read:

> The Court, having heard the evidence submitted, and the argument of Counsel thereon, ~~found~~ defer finding the Defendant guilty of the offense indicated above, a felony.

On November 11, 1987, the trial court conducted another hearing. At that hearing the trial court sentenced appellant in both cases to two years confinement. At that hearing, the trial court assumed it had already adjudicated appellant guilty:

> [O]n August 26, 1987, you were before this Court in person by and through your counsel, Mr. Kirby Taylor and you waived formal arraignment and entered a plea of no contest to the charge and *the Court after hearing evidence adjudged you guilty of the offense of theft from a person as charged in this indictment* and the Court ordered a pre-sentence investigation in this matter, also.

The State argues that the written findings control over oral pronouncements. This is true. In this case, however, the judgment contradicts itself. The judgment contains both the notation that the court deferred finding appellant guilty, and in another paragraph, that appellant "is guilty of the offense indicated above." When the written findings contradict one another, we must look at the entire record to determine if the trial court ever found appellant guilty. On this record, it did not.

The State cites *Villela v. State*, 564 S.W.2d 750, 751 (Tex.Crim.App.1978). In *Villela*, the appellate court inferred a finding of guilt even though the trial court did not make an oral pronouncement of guilt. The court stated:

> When the trial judge, after admonishing the appellant, accepting the appellant's pleas, and hearing the State's evidence, held the assessment of punishment in abeyance and ordered a presentence investigation, he *necessarily implied* that he had found the appellant guilty in each case.

*Villela*, 564 S.W.2d at 751 [emphasis in original]. The facts of this case distinguish it from *Villela*.

At the first hearing, the trial court expressly deferred adjudication of guilt both orally and in writing. At the second hearing, the trial court assumed it had already found appellant guilty before it imposed sentence on appellant. Because the trial court sentenced appellant without first finding her guilty, the judgment is not final. Because the judgment is not final, we have no jurisdiction. We, therefore, must dismiss the appeal in cause number 467,-518.

## III. CONCLUSION.

We affirm the trial court in cause number 467,541 and dismiss the appeal in cause number 467,518.