ACCEPTED
12-15-00075-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/8/2015 6:07:20 PM
Pam Estes
CLERK

CAUSE NUMBER 12-15-00075-CR

IN THE COURT OF APPEALS FOR THE

TWELFTH APPELLATE DISTRICT OF TEXAS

AT TYLER

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/8/2015 6:07:20 PM
PAM ESTES
Clerk

FILED
9/8/2015
Twelfth Court of Appeals
Pam Estes
Clerk

CHARLES BLAKE DEFORE

VS.

THE STATE OF TEXAS

CAUSE NUMBER 31,077

IN THE 3RD JUDICIAL DISTRICT COURT

ANDERSON COUNTY, TEXAS

**APPELLANT'S BRIEF**

Colin D. McFall
Attorney at Law
513 North Church Street
Palestine, Texas 75801-2962
Telephone:  903-723-1923
Facsimile:  903-723-0269
Email:  cmcfall@mcfall-law-office.com
Counsel for Appellant

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to *Rule 38.1 (a)*, Texas Rules of Appellate Procedure, Appellant

provides a complete list of all parties and the names and addresses of Counsel:

Trial Defendant:                  Charles Blake DeFore
                                  1200 East Lacy Street
                                  Palestine, Texas 75801

Trial Defendant's Counsel:        Jeffrey D. Herrington
                                  Attorney at Law
                                  509 North Church Street
                                  Palestine, Texas 75801
                                  Telephone:  903-723-1212
                                  Facsimile:   903-723-3434

Trial State's Counsel:            Scott Holden
                                  Assistant Criminal District Attorney
                                  Anderson County Courthouse
                                  500 North Church Street
                                  Palestine, Texas 75801
                                  Telephone:  903-723-7400
                                  Facsimile:   903-723-7818



Appellant:  Charles Blake DeFore
            Hutchins Unit
            1500 East Langdon Road
            Dallas, Texas 75241

Appellant's Counsel:  Colin D. McFall
                      Attorney at Law
                      513 North Church Street
                      Palestine, Texas 75801-2962
                      Telephone:  903-723-1923
                      Facsimile:  903-723-0269

Appellee's Counsel:  Scott Holden
                     Assistant Criminal District Attorney
                     Anderson County Courthouse
                     500 North Church Street
                     Palestine, Texas 75801
                     Telephone:  903-723-7400
                     Facsimile:  903-723-7818

3.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL...............................................................2

TABLE OF CONTENTS.........................................................................4

INDEX OF AUTHORITIES.......................................................................5

STATEMENT OF THE CASE......................................................................6

STATEMENT REGARDING ORAL ARGUMENT..........................................7

ISSUES PRESENTED

    I.     THE TRIAL COURT FAILED TO ADJUDICATE APPELLATE

           GUILTY OF COUNT II, PRIOR TO SENTENCING, RENDERING

           A VOID JUDGMENT, AND DEPRIVING THE APPELLATE

           COURT OF JURISDICTION.........................................................8

STATEMENT OF FACTS........................................................................9

SUMMARY OF THE ARGUMENT.............................................................10

ARGUMENT...................................................................................11

PRAYER......................................................................................13

CERTIFICATE OF COMPLIANCE............................................................14

CERTIFICATE OF SERVICE..................................................................15

H.

# INDEX OF AUTHORITIES

CASES                                                                                    PAGE

    TEXAS

        Breazeale v. State, 683 S.W.2d 446 (Tex. Crim. App. 1984)….....……11

        Villela v. State, 564 S.W.2d 750 (Tex. Crim. App. 1978)…………..11

        Warren v. State, 784 S.W.2d 56 (Tex. App.– Houston [1st Dist.]

            1989), rev'd on other grounds…..……………….......………....12

RULES AND STATUTES                                                    PAGE

    TEXAS CODE OF CRIMINAL PROCEDURE

        Article 42.12, § 5(b), Texas Code of Criminal Procedure…....………12

    TEXAS RULES OF APPELLATE PROCEDURE

        Rule 9.4(i)(3), Texas Rules of Appellate Procedure…….....…..………14

        Rule 38.1(a), Texas Rules of Appellate Procedure……...………..........2

        Rule 38.1(e), Texas Rules of Appellate Procedure……..…...…..........7

## STATEMENT OF THE CASE

On the 27th day of September 2012, an Anderson County Grand Jury returned a two count Indictment, charging Appellant with Manufacture or Delivery of Substance in Penalty Group 1, four (4) grams or more, but less than two hundred (200) grams, in Count I, and Tampering with or Fabricating Physical Evidence (with intent to impair), in Count II. (C.R., Vol. 1, Pg. 6). On the 22nd day of February 2013, Appellant plead guilty to Manufacture or Delivery of Substance in Penalty Group 1, four (4) grams or more, but less than two hundred (200) grams in County I, and Tampering with or Fabricating Physical Evidence (with intent to impair), in Count II. (C.R., Vol. 1, Pg. 57), (C.R., Vol. 1, Pg. 59). The Trial Court deferred a finding of Guilt and placed Appellant on Community Supervision for ten (10) years, in each count. (C.R., Vol. 1, Pg. 57), (C.R., Vol. 1, Pg. 59).

On the 7th day of January 2015, Appellee filed a Motion to Proceed with Adjudication of Guilt and Sentence (C.R., Vol. 1, Pg. 95). On the 13th day of February 2015, the Court conducted a hearing, consolidated with a Motion to Proceed with Adjudication of Guilt and Sentence in cause number 31,070.

At the conclusion of the hearing, the Court sentenced Appellant to thirty (30) years confinement in the Texas Department of Criminal Justice, Institutional Division (R.R., Vol. 1, Pg. 36, L. 6).

6.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to *Rule 38.1 (e)*, Texas Rules of Appellate Procedure, Appellant

provides the following Statement Regarding Oral Argument

Appellant does not request Oral Argument.

## ISSUE PRESENTED

The Trial Court failed to adjudicate Appellant guiltyin County II, prior to sentencing, rendering a void judgment and depriving the Appellate Court of jurisdiction.

8.

## STATEMENT OF FACTS

On the 13th day of February 2015, the Trial Court called Cause Number 31,070, the State of Texas vs. Charles Blake DeFore, and Cause Number 31,077, State of Texas vs. Charles Blake DeFore, for announcements. (R.R., Vol. 1, Pg. 1, L. 5). Appellant plead "Not True" to the allegations contained within both Motions to Proceed with Adjudication of Guilt and Sentence (R.R., Vol. 1, Pg. 6, L. 7), (R.R., Vol. 1, Pg. 6, L. 13). The Court proceeded with a consolidated hearing in Cause Numbers 31,070 and 31,077.

Appellee called Anderson County Adult Community Supervision Officer David Purcell as its first witness (R.R., Vol. 1, Pg. 6, L. 16), Angela Sheely as its second witness (R.R., Vol. 1, Pg. 22, L. 16), and T.J. Choate as its third witness (R.R., Vol. 1, Pg. 25, L. 14).

At the conclusion of the testimony, the court heard closing arguments and announced its ruling. (R.R., Vol. 1, Pg. 28, L. 16). The Court found the allegations true (R.R., Vol. 1, Pg. 28, L. 17), and adjudicated Appellant guilty on Count I (R.R., Vol. 1, Pg. 28, L. 21) (R.R., Vol. 1, Pg. 28, L. 23). The Court then sentenced Appellant to thirty (30) years in cause numbers 31,070 and 31,077. (R.R., Vol. 1, Pg. 36, L. 7).

## SUMMARY OF THE ARGUMENT

The Trial Court failed to adjudicate Appellant guilty in County II, prior to sentencing, rendering a void judgment and depriving the Appellate Court of jurisdiction.

In the absence of an express, oral, pronouncement of adjudication, followed by the Trial Court's sentencing, the Appellate Court necessarily implies the Trial Court found Appellant guilty. Recitals in the Judgment create a presumption of regularity. Such presumption attains until the contrary appears. Appellant can overcome this presumption when the record affirmatively reflects error.

The Reporter's Record affirmatively reflects error. The Court adjudicated Appellant's guilt in Count I. However, contrary to the Judgment in Cause Number 31,077 reciting Adjudication of guilt, the Court failed to orally pronounce Appellant's adjudication of guilt in Count II.

Despite the Court's failure to orally pronounce an adjudication of Appellant's guilt in Count II, the Court sentenced Appellant, in cause number 31,077, to thirty (30) years confinement.

Because the Trial Court sentenced Appellant without first finding him guilty in Count II, the Judgment in Count II is not final. Because the Judgment in Count II is not final, the Appellate Court lacks jurisdiction. Without jurisdiction, the Appellate Court must dismiss the appeal in Count II, for want of jurisdiction.

10.

## ARGUMENT

The Trial Court failed to adjudicate Appellant guilty in Count II, prior to sentencing, rendering a void judgment and depriving the Appellate Court of jurisdiction.

In the absence of an express, oral pronouncement of a finding of guilt, followed by sentencing, the Appellate Court necessarily implies the Trial Court found Appellant guilty. See *Villela v. State*, 564 S.W.2d 750 (Tex. Crim. App. 1978). Recitals in the Judgment create a presumption of regularity. See *Breazeale v. State*, 683 S.W.2d 446 (Tex. Crim. App. 1984). Thus, recitals in the records of the Trial Court, such as formal Judgments, are binding, in the absence of direct proof of their falsity. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). Such a presumption attains until and unless the contrary is made to appear.

However, Appellant can overcome the presumption of regularity when the record affirmatively reflects error. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984).

The Reporter's Record affirmatively demonstrates error. The Court adjudicated Appellant's guilt in Count I (R.R., Vol. 1, Pg. 28, L. 21), (R.R., Vol. 1, Pg. 28, L. 23). However, contrary to the Judgment in Cause Number 31,077 reciting Adjudication of guilt in Count II, the Court failed to orally pronounce Appellant's adjudication of guilt in Count II. (R.R., Vol. 1, Pg. 29, L. 2). The Court

11.

found the allegations contained within both Motions to Proceed with Adjudication of Guilt and Sentence to be true(R.R., Vol. 1, Pg. 28, L. 17). However, finding an allegation true is not an adjudication of guilt. Regarding Count II, the Court made the following statement:

> "Now, folks, what about Count 2? I didn't – I didn't address Count 2. I grant the motion as to Count 2. The evidence was sufficient to support i, as well."

Despite the Court's failure to pronounce an adjudication of guilt in Count II, the Court sentence Appellant, in cause number 31,077, to thirty (30) years confinement. (R.R., Vol. 1, Pg. 36, L. 6).

After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and the Defendant's appeal, continue as if the adjudication of guilt had not been deferred. *Article 42.12, Section 5(b),* Texas Code of Criminal Procedure.

The Court failed to adjudicate Appellant's guilt in Count II. Because the Trial Court sentenced Appellant, without first finding him guilty in Count II, the Judgment is not final, in Count II. Because the Judgment in Count II is not final, the Appellate Court lacks jurisdiction, in Count II. Without jurisdiction in Count II, the Appellate Court must dismiss the appeal in Count II. *Warren v. State,* 784 S.W.2d 56 (Tex. App.-Houston [1st Dist.] 1989), rev'd on other grounds.

12.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays the Appellate Court find the Trial Court failed to adjudicate Appellant guilty in Count II, find the Judgment in Count II is not final, and dismiss the appeal in Count II for want of jurisdiction.

# CERTIFICATE OF COMPLIANCE

I, Colin D. McFall, Attorney of Record for the above styled Appellant, pursuant to *Rule 9.4(i)(3)*, Texas Rules of Appellate Procedure, hereby certify the number of words within Appellant's Brief atone thousand, seven hundred, two (1,702).

RESPECTFULLY SUBMITTED,

COLIN D. MCFALL
Attorney at Law
Texas Bar Number:          24027498

513 North Church Street
Palestine, Texas 75801-2962
Telephone:   903-723-1923
Facsimile:   903-723-0269
Email: cmcfall@mcfall-law-office.com

# CERTIFICATE OF SERVICE

I, Colin D. McFall, Attorney of Record for the above styled Appellant, hereby certify service of a true and correct copy of the above and foregoing document upon Anderson County Assistant Criminal District Attorney Scott Holden, at sholden@co.anderson.tx.us, by email transmission, on the 8th day of September 2015.

RESPECTFULLY SUBMITTED,

_____
COLIN D. MCFALL
Attorney at Law
Texas Bar Number:       24027498

513 North Church Street
Palestine, Texas 75801-2962
Telephone:  903-723-1923
Facsimile:   903-723-0269
Email: cmcfall@mcfall-law-office.com

15.