NO.
12-05-00067-CR

NO. 12-05-00068-CR

NO. 12-05-00069-CR

NO. 12-05-00070-CR

NO. 12-05-00071-CR

NO. 12-05-00072-CR








 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

SERGIO PICASOS SANCHEZ,      §          APPEALS
FROM THE 8TH

APPELLANT

 

V.        §          DISTRICT
COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          HOPKINS COUNTY, TEXAS

                                                                                                                                                    
     

MEMORANDUM OPINION

            Sergio
Picasos Sanchez appeals the trial court’s revocation of his deferred
adjudication probation in multiple causes. 
Appellant raises six issues on appeal. 
We affirm.

 

Background

            Appellant
was charged by six separate indictments with six counts of aggravated sexual
assault of a child and nine counts of indecency with a child.  Appellant pleaded guilty as charged to three
counts of aggravated sexual assault of a child and three counts of indecency
with a child.  The court deferred finding
Appellant guilty and placed him on community supervision for ten years.








            On
September 16, 2004, the State filed a motion to revoke Appellant’s community
supervision in each cause.  The trial
court conducted a hearing on the State’s motion on January 6, 2005.  Following the presentation of evidence and
argument of counsel, the trial court found that Appellant violated the terms
and conditions of his community supervision as alleged in the State’s
motion.  The court recessed and
subsequently proceeded to conduct a trial on punishment.  Ultimately, the trial court found Appellant guilty
and sentenced Appellant in each cause as follows: in cause number 0216846,
imprisonment for twenty years for aggravated sexual assault of a child; in
cause number 0216847, imprisonment for ten years for aggravated sexual assault
of a child; in cause number 0216848, imprisonment for twenty years for
aggravated sexual assault of a child;[1] in cause number
0317055, imprisonment for twenty years for indecency with a child; in cause
number 0317056, imprisonment for twenty years for indecency with a child; and
in cause number 0317057, imprisonment for twenty years for indecency with a
child.  This appeal followed.

 

Failure to
Pronounce Guilt

            In
his first issue, Appellant argues both that the trial court lacked jurisdiction
to assess punishment and that his statutory due process rights were violated
because the trial court did not make an oral pronouncement of guilt before holding
a punishment hearing.[2] 
At the close of the evidence in the adjudication phase of the trial, the
trial court stated as follows:

 

The Court will find
that the Sergio Sanchez that is before the Court today is one and the same
person who was legally placed on deferred adjudication community supervision in
all six cause numbers on or about the 25th day of June, 2003 for a period of 10
years.  The court will find that he has
violated his probation in that he violated condition B, condition C, J, N, R,
C(c-2) of his probation exactly as it’s shown in the Motion to Proceed to
Adjudication.  

 

Now, the Court will –
having made those findings, having found that he’s violated his probation in
each of these cases, will go into recess so the parties can prepare for a
second half of the trial, which would be what would be the proper punishment. .
. .

 

 

            As
Appellant argues, the trial court did not make a formal pronouncement of guilt
before it scheduled a punishment hearing. 
The trial court did, however, pronounce Appellant guilty in each cause
following the punishment hearing and prior to assessing Appellant’s
punishment.  The trial court further
entered a written judgment reflecting that it found Appellant guilty and
sentenced him.

            When
the trial court conducts a hearing on the adjudication of guilt and then holds
the assessment of punishment in abeyance and orders a presentence
investigation, the court necessarily implies that it has found the defendant
guilty.  See Villela v.
State, 564 S.W.2d 750, 751 (Tex. Crim.  App. 1978). 
The court of criminal appeals has observed that beyond the pronouncement
of sentence, “no further ritual or special incantation from the bench is
necessary to accomplish an adjudication of guilt.”  Jones v. State, 795 S.W.2d 199,
201 (Tex. Crim. App. 1990).[3] 
Further, a written judgment is valid even in the absence of an express
oral pronouncement of guilt by the trial court. 
Parks v. State, 960 S.W.2d 234, 238 (Tex. App.–Houston
[1st Dist.] 1997, pet. ref’d) (citing Villela, 564 S.W.2d at
751).

            We
considered a similar issue in Hicks v. State, Nos.
12-00-00301-CR, 12-00-00302-CR, 2002 WL 1065985, at *1 (Tex. App.–Tyler 2002,
no pet.) (not designated for publication). 
In Hicks, the trial court assessed punishment without
formally stating that it found the defendant guilty.  Id.  As here, a written judgment reflected a
finding of guilt.  Relying on Villela,
we held that the trial court’s oral pronouncement revoking the deferred
adjudication necessarily implied a finding of guilt.  Id.

            In
the case at hand, the trial court implicitly found Appellant guilty when it
found that he violated the conditions of his community supervision and
scheduled a punishment hearing in which it accepted a presentence investigation
(“PSI”) report as an exhibit.  Because
the trial court implicitly found Appellant guilty before beginning a punishment
hearing, the court did not err when it assessed punishment.[4]  Appellant’s first issue is overruled.

 

Appeal of
Trial Court’s Decision to Proceed to Adjudication

            In
his second issue, Appellant argues that the trial court erred in ruling that
Appellant was the person placed on probation and that he was given a copy of
the terms of probation without there being sufficient evidence to support such
a ruling.  In his third issue, Appellant
contends that the trial court erred in admitting incriminating statements in
violation of Texas Code of Criminal Procedure, article 38.22 and in violation
of certain constitutional rights.  In his
fourth issue, Appellant argues that the trial court erred in admitting certain
incriminating statements obtained in violation of Appellant’s constitutional
right against self incrimination.

            Texas
Code of Criminal Procedure Article 42.12, section 5(b) governs the situation at
issue.  Article 42.12, section 5(b)
states as follows:

 

On violation of a
condition of community supervision imposed under Subsection (a) of this
section, the defendant may be arrested and detained as provided in Section 21
of this article.  The defendant is
entitled to a hearing limited to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge.  No appeal may be taken from this
determination.  

 

 

Tex. Code.
Crim. Proc. Ann. art.
42.12 § 5(b) (Vernon Supp. 2005) (emphasis added). 

            In
Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the
court of criminal appeals reiterated a long line of cases dealing with
situations similar to the instant case.  See
id. at 740-41 (citing Olowosuko v. State, 826 S.W.2d
940, 942 (Tex. Crim. App. 1992) (explaining that court of criminal appeals had “held
from the beginning of deferred adjudication practice that the Legislature [had]
meant what it said in Article 42.12 § 5(b)”); Phynes v. State,
828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (on appeal of trial court’s decision to
revoke probation and adjudicate, even if the appellant’s right to counsel had
been violated, the appellant could not use direct appeal as the vehicle with
which to seek redress); Wright v. State, 592 S.W.2d 604, 606
(Tex. Crim. App. 1980) (under the terms of the statute, no appeal may be taken
from the hearing in which the trial court determines to proceed with an
adjudication of guilt on the original charge); Williams v. State,
592 S.W.2d 931, 932–33 (Tex. Crim. App. 1979) (trial court’s decision to
proceed with an adjudication of guilt is one of absolute discretion and is not
reviewable).  The court continued:

 

In all these cases,
we have tried to make clear that, given the plain meaning of Article 42.12 §
5(b), an appellant whose deferred adjudication probation has been revoked and
who has been adjudicated guilty of the original charge, may not raise on appeal
contentions of error in the adjudication of guilt process.  (citation omitted).  Moreover, since the legislature has not
overturned our interpretation of the statute after all these years, we are
confident that our interpretation is correct. 
See State v. Hall, 829 S.W.2d 184, 187 (Tex. Crim. App.
1992) (prolonged legislative silence following judicial interpretation of
statute implies approval of interpretation).








 

Connolly, 983 S.W.2d at 741.

            In
our view, given the factual similarities between Connolly, its
progeny, and the case at hand, the holdings in Connolly and the
cases cited therein control the instant case as it relates to the trial court’s
decision to proceed to adjudication. 
Considering the plain meaning of article 42.12, section 5(b) and the long
line of authority from the court of criminal appeals on the issue, we hold that
Appellant cannot raise these issues insofar as they arise out of the trial
court’s decision to proceed with the adjudication of guilt.  Therefore, we lack jurisdiction to consider
Appellant’s second, third, and fourth issues.

 

Admission of
Polygraph Evidence in PSI Report

            In his fifth
issue, Appellant argues that the trial court erred in admitting Appellant’s
polygraph test results in the PSI report. 
The State argues that Appellant has waived the issue.

            Because of
its inherent unreliability and tendency to be unduly persuasive, the results of
a polygraph examination are not admissible in Texas for any purpose.  See Sparks v. State, 820 S.W.2d
924, 927 (Tex. App.–Austin 1991, no pet.) (citing Nethery v. State,
692 S.W.2d 686, 700 (Tex. Crim. App.1985)). 
However, failure to object to polygraph evidence waives the error.  See Jasso v. State, 112 S.W.3d
805, 813 (Tex. App.–Houston [14th Dist.] 2003, pet. ref’d); Banda v. State,
727 S.W.2d 679, 682 (Tex. App.–Austin 1987, no pet.).  In the case at hand, the record reflects that
Appellant was provided a copy of the PSI report prior to the hearing.  When the State offered the PSI report,
Appellant’s counsel specifically stated that she had reviewed a copy of the
report and had no objection.  We hold
that Appellant waived the issue raised on appeal by his failure to object at
trial.  See Tex. R. App. P. 33.1(a). 
Appellant’s fifth issue is overruled.

 

Ineffective
Assistance of Counsel

            In his sixth
issue, Appellant argues that he received ineffective assistance of counsel.[5]
Specifically, Appellant argues that his counsel was ineffective in that she (1)
did not present any evidence during the punishment phase and (2) did not object
to the introduction of the PSI report containing the results of Appellant’s
polygraph examination.

            The proper
standard by which to gauge the adequacy of representation by counsel is
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  See also Hernandez
v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).  The test set forth in Strickland
requires a two step analysis:

 








1.                  
Did the
attorney’s performance fail to constitute “reasonably effective assistance,”
i.e., did the defense attorney’s representation fall below an objective
standard of reasonableness under prevailing professional norms? 

 

2.                  
If so, was there
a reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceedings could have been different?

 

 

See Strickland, 466 U.S. at 694, 104 S. Ct. at
2068.  The test in Strickland
is properly applied to the punishment phase of a non-capital case as well.  See Hernandez v. State, 988
S.W.2d 770, 772 (Tex. Crim. App. 1999).

            In
any case considering the issue of ineffective assistance of counsel, we begin
with the strong presumption that counsel was effective.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We must presume counsel’s actions and decisions were reasonably
professional and were motivated by sound trial strategy.  See id.  Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what
he did.  See id.  Appellant cannot meet this burden if the
record does not affirmatively support the claim.  See Jackson v. State, 973 S.W.2d
954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate
whether trial counsel provided ineffective assistance); Phetvongkham v.
State, 841 S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd,
untimely filed) (inadequate record to evaluate ineffective assistance claim);
see also Beck v. State, 976 S.W.2d 265, 266 (Tex. App.–Amarillo
1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing
numerous other cases with inadequate records to support ineffective assistance
claim).  A record that specifically
focuses on the conduct of trial counsel is necessary for a proper evaluation of
an ineffectiveness claim.  See Kemp
v. State, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet.
ref'd).

            After
proving error, the appellant must affirmatively prove prejudice.  See Burruss v. State, 20 S.W.3d
179, 186 (Tex. App.–Texarkana 2000, pet. ref’d).  The appellant must prove that his attorney's
errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. 
Id.  It is not
enough for the appellant to show that the errors had some conceivable effect on
the outcome of the proceedings.  Id.  He must show that there is a
reasonable probability that, but for his attorney’s errors, the jury would have
had a reasonable doubt about his guilt.  Id.


            In
the case at hand, Appellant argues that his trial counsel was ineffective in
her failure to introduce evidence during the punishment hearing.  However, the record is silent as to the
reasons Appellant’s trial counsel chose the course she did.  Thus, we hold that with regard to Appellant’s
counsel’s not presenting evidence during the punishment hearing, Appellant has
not met the first prong of Strickland because the record does not
contain evidence concerning Appellant’s trial counsel’s reasons for choosing
the course she did.  See Jackson,
973 S.W.2d at 955; Phetvongkham, 841 S.W.2d at 932; see also
Beck, 976 S.W.2d at 266. 
Absent evidence supporting the underlying rationale for the alleged
shortcomings in his counsel’s performance, and given the strong presumption
that Appellant’s counsel was effective, we cannot conclude that Appellant's
trial counsel’s performance fell below the professional norm in this regard.

            We
next consider Appellant’s contention that his counsel was ineffective for her
failure to object to the PSI report containing the results of Appellant’s
polygraph examination.  Even assuming arguendo
that Appellant satisfied the first prong of the Strickland test,
Appellant must still affirmatively prove prejudice.  See  Burruss, 20 S.W.3d at 186.  It is not enough for the appellant to merely
show that the errors had some conceivable effect on the outcome of the
proceedings.  Id.

            With
regard to the second prong of the Strickland test, Appellant
argues as follows:

 

Based upon the facts of
this case, the failure to object to the State showing the results of Appellant’s
passed polygraph, whereby he would have confirmed the admission of his
violation and bolstered the State’s case against him was horribly prejudicial
to the Appellant, and  . . .  that would require the reversal of the
judgment of the trial court.  First,  . . . 
the failure to object by Appellant’s counsel was not within the range of
competence demanded of attorneys in criminal cases, and second, there is a
reasonable probability that, but for counsel’s errors, Appellant’s probation
would not have been revoked.

 

 

We iterate that the burden of proof
as to this issue rests squarely upon Appellant. 
See Burruss, 20 S.W.3d at 186.  As such, we will neither surmise nor devise
our own conclusions absent some cogent argument on Appellant’s behalf that but
for his counsel’s alleged unprofessional errors, there exists a reasonable
probability that the result of the proceedings would have been different.  As the polygraph results  pertain to punishment, Appellant must
demonstrate that his sentence would have been less severe than the five twenty
year and one ten year sentences imposed. 
Since Appellant has made no such argument in the case at hand, he has
failed to satisfy the second prong of the Strickland test.  Appellant’s sixth issue is dismissed for want
of jurisdiction in part and overruled in part. 


 

Conclusion

            We
have held that we do not have jurisdiction to consider Appellant’s second,
third, and fourth issues.  We have
further held that we lack jurisdiction to consider Appellant’s sixth issue, insofar
as it relates to the trial court’s decision to proceed to adjudication.  To such an extent, we dismiss
Appellant’s issue for want of jurisdiction.  We have overruled Appellant’s first and fifth
issues.  We have further overruled
Appellant’s sixth issue to the extent that it relates to matters occurring
after the trial court’s adjudication of guilt. 
As such, we affirm the trial court’s judgment in each
cause.

 

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

 

Opinion delivered April 28, 2006.

Panel consisted
of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

(PUBLISH)











[1] The court ordered that Appellant’s sentence in
cause number 0216848 run consecutively with Appellant’s sentence in cause
number 0216847.





[2] We will assume for the purposes of this
opinion that the issue Appellant has raised for the first time on appeal is, as
Appellant argues, jurisdictional. 
However, we do not hold that it is, in fact, a matter of jurisdiction. 





[3]
By contrast, a sentence in a felony case must be pronounced in the defendant’s
presence.  See Tex. Code Crim. Proc. Ann. art.
42.03(1)(a) (Vernon 2003). 





[4]
Appellant’s due process argument presupposes that the trial court did not
pronounce his guilt before assessing his punishment.  Because we have held to the contrary, we also
resolve Appellant’s due process claim against him.





[5] Although a trial court’s decision to proceed
with an adjudication of guilt is one of absolute discretion and is not
reviewable, after an adjudication of guilt, all proceedings, including
assessment of punishment ... and defendant’s appeal continue as if the
adjudication of guilt had not been deferred. 
Tex. Code. Crim. Proc. Ann. art.
42.12 § 5(b).  Thus, we may review the
issue of ineffective assistance of counsel as it pertains matters subsequent to
the trial court’s decision to proceed with adjudication.  To the extent that Appellant argues that he
received ineffective assistance of counsel prior to the trial court’s decision
to proceed with an adjudication, we do not have jurisdiction to consider such
an argument.  See Phynes,
828 S.W.2d at 2.