Joe A. VILLELA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 57158, 57159.

Court of Criminal Appeals of Texas, Panel No. 3.

April 12, 1978.

Rehearing En Banc Denied May 10, 1978.

Ray Stevens, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Robert A. Moen, Asst. Dist. Attys., Houston, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

OPINION

ROBERTS, Judge.

These are appeals from convictions for possession of heroin, a controlled sub-

stance.[1] The appellant simultaneously pleaded guilty in each case and after a trial before the court, the trial judge assessed the appellant's punishment in each case at five years' confinement in the Texas Department of Corrections.

The appellant's sole contention in each case is that after the appellant's guilty pleas and the introduction of evidence in support of those pleas the trial judge failed to make findings of guilt and merely assessed the appellant's punishment in each case. Thus, the appellant argues that the judgments are void as there was no oral adjudication of guilt by the trial judge in either case.

On September 10, 1976, the appellant waived trial by jury and entered pleas of guilty pursuant to Article 1.13, Vernon's Ann.C.C.P. Article 1.15, Vernon's Ann.C.C.P. The trial judge admonished the appellant, accepted the appellant's pleas of guilty, and then heard the State's evidence.[2] At the close of the trial, the trial judge held the assessment of punishment in abeyance pending a presentence investigation by the probation office.

On October 29, 1976, the trial judge heard evidence relevant to the appellant's punishment. At the close of that hearing, the trial judge orally assessed the appellant's punishment at five years in each case. At no time during either of the proceedings on September 10 or on October 29 did the trial judge expressly state that he found the appellant guilty of either offense. The appellant contends that the trial judge's failure to orally enter adjudications of guilt renders the judgments void.

At the outset, we note that the written judgments contained in the records affirmatively state that the trial judge found the appellant guilty of both offenses on September 10, 1976, and that the appellant's punishment in each case was assessed at five years on October 29, 1976. Also, the

written sentences reflect that the appellant was formally sentenced on December 29, 1976. The written judgments and sentences contained in the record are in compliance with Articles 42.01 and 42.02, Vernon's Ann.C.C.P.

The essential question, therefore, is whether the absence of an express oral pronouncement by the trial judge that he found the appellant guilty renders the written judgments void.[3] We conclude that it does not. When the trial judge, after admonishing the appellant, accepting the appellant's pleas, and hearing the State's evidence, held the assessment of punishment in abeyance and ordered a presentence investigation, he *necessarily implied* that he had found the appellant guilty in each case. We hold that the trial judge's action renders the written judgments sufficient as supported by the records.

Appellant's contention is overruled.

The judgments are affirmed.

---

1. Vernon's Ann.Civ.St., Article 4476–15, Section 4.04.

2. The State's evidence consisted of the appellant's judicial and extrajudicial confessions.

3. Apparently, the appellant is arguing that since the record is devoid of an oral adjudication of guilt, the written judgment is at variance with what actually occurred.