TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00365-CR


NO. 03-95-00366-CR







Louis Gene Blane, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,034 & 45,035, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING







PER CURIAM


 The first cause is an appeal from a judgment of conviction for burglary of a
habitation committed in August 1994. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02,
1973 Tex. Gen. Laws 883, 926 (Tex. Penal Code Ann. § 30.02, since amended). The second
cause is an appeal from a judgment of conviction for burglary of a habitation committed in
October 1994. Tex. Penal Code Ann. § 30.02 (West 1994). (1) The district court assessed
punishment in each cause at imprisonment for ten years.

 Appellant's sole point of error is that the convictions are void because the district
court did not find him guilty or render judgments of guilt. The written judgments of conviction recite that after hearing evidence, the court "is of the opinion and so finds that the Defendant is
guilty as confessed of burglary of a habitation."

 Appellant first appeared in court on May 4, 1995, at which time he entered his
pleas of guilty and made his judicial confessions. After accepting the pleas, the court recessed
the trial for the preparation of a presentence report. On June 2, the causes were again called and,
after considering the report and hearing the arguments of counsel, the court pronounced its
sentences. At neither hearing did the court orally announce its findings of guilt.

 The circumstances presented are identical to those before the Court of Criminal
Appeals in Villela v. State, 564 S.W.2d 750 (Tex. Crim. App. 1978). The court wrote:


 The essential question, therefore, is whether the absence of an
express oral pronouncement by the trial judge that he found the appellant guilty
renders the written judgments void. We conclude that it does not. When the trial
judge, after admonishing the appellant, accepting the appellant's pleas, and hearing
the State's evidence, held the assessment of punishment in abeyance and ordered
a presentence investigation, he necessarily implied that he had found the appellant
guilty in each case. We hold that the trial judge's action renders the written
judgments sufficient as supported by the records.



564 S.W.2d at 751 (footnote omitted). Villela was recently followed by the San Antonio court
in another case that is substantially identical to the causes before us. Harling v. State, 899
S.W.2d 9 (Tex. App.--San Antonio 1995, pet. ref'd).

 For the reasons stated in Villela, we find the written judgments to be supported by
the record. The point of error is overruled.


 The judgments of conviction are affirmed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed on Both Causes

Filed: December 20, 1995

Do Not Publish

1. The 1995 amendment to section 30.02 is irrelevant to this cause.


T AUSTIN







NO. 03-95-00365-CR


NO. 03-95-00366-CR







Louis Gene Blane, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,034 & 45,035, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING







PER CURIAM


 The first cause is an appeal from a judgment of conviction for burglary of a
habitation committed in August 1994. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02,
1973 Tex. Gen. Laws 883, 926 (Tex. Penal Code Ann. § 30.02, since amended). The second
cause is an appeal from a judgment of conviction for burglary of a habitation committed in
October 1994. Tex. Penal Code Ann. § 30.02 (West 1994). (1) The district court assessed
punishment in each cause at imprisonment for ten years.

 Appellant's sole point of error is that the convictions are void because the district
court did not find him guilty or render judgments of guilt. The written judgments of conviction recite that after hearing evidence, the court "is of the opinion and so finds that the Defendant is
guilty as confessed of burglary of a habitation."

 Appellant first appeared in court on May 4, 1995, at which time he entered his
pleas of guilty and made his judicial confessions. After accepting the pleas, the court recessed
the trial for the preparation of a presentence report. On June 2, the causes were again called and,
after considering the report and hearing the arguments of counsel, the court pronounced its
sentences. At neither hearing did the court orally announce its findings of guilt.

 The circumstances presented are identical to those before the Court of Criminal
Appeals in Villela v. State, 564 S.W.2d 750 (Tex. Crim. App. 1978). The court wrote:


 The essential question, therefore, is whether the absence of an
express oral pronouncement by the trial judge that he found the appellant guilty
renders the written judgments void. We conclude that it does not. When the trial
judge, after admonishing the appellant, accepting the appellant's pleas, and hearing
the State's evidence, held the assessment of punishment in abeyance and ordered
a presentence investigation, he necessarily implied that he had found the appellant
guilty in each case. We hold that the trial judge's action renders the written
judgments sufficient as supported by the records.



564 S.W.2d at 751 (footnote omitted). Villela was recently followed by the San Antonio court
in another case that is substantially identical to the causes before us. Harling v. State, 899
S.W.2d 9 (Tex. App.--San Antonio 1995, pet. ref'd).

 For the reasons stated in Villela, we find the written judgments to be supported by
the record. The point of error is overruled.


 The judgments of conviction are affirmed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed on Both Causes