# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00225-CR

**Andy Chavez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF DALLAS COUNTY, 195TH JUDICIAL DISTRICT
### NO. F-9945064-MN, HONORABLE W. E. BACHUS, JR., JUDGE PRESIDING

A jury found appellant Andy Chavez guilty of possessing more than four grams but less than two hundred grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West Supp. 2000). The court assessed punishment, enhanced by a previous felony conviction, at imprisonment for twenty-five years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d

137 (Tex. Crim. App. 1969). Appellant exercised his right under the cited authorities to examine the record and file a pro se brief.

In his first pro se point of error, appellant contends the enhanced punishment is unlawful because the court never found the enhancement paragraph to be true. The indictment alleged two previous felony convictions. At the punishment hearing, the State abandoned one paragraph and appellant pleaded true to the one remaining. The court accepted the plea, then recessed the cause until the following day. The next day, the court announced, "[T]he jury having found you guilty . . . and Court having accepted your plea as to the enhancement paragraph, I'm going to assess punishment in that case at 25 years . . . ." Although the court did not expressly state that it found the enhancement allegation to the true, that was the clear import of what it said and did. *See Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978). The recitation in the judgment that the enhancement paragraph was found true is supported by the trial record. Point of error one is overruled.

Appellant's second point of error is that the district court erred by failing to rule on his "omnibus pretrial motion" asking, among other things, that the court allow reasonable expenses for a defense expert witness. There is no showing in the record that this motion was ever brought to the attention of the court for a ruling, or that appellant otherwise sought the assistance of an expert witness. *See* Tex. R. App. P. 33.1(a). No error is presented. Point of error two is overruled.

Finally, appellant contends his trial counsel did not provide effective assistance. Appellant's brief contains a list of twenty-two alleges errors by counsel. Several of the alleged

errors assert or assume facts that are not in the record, while others are matters of trial strategy that an appellate court cannot second-guess. *See Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). Appellant also complains of counsel's failure to voice objections that, on the record, would not have been meritorious. We have considered each of appellant's complaints with regard to counsel in light of the record, and conclude that he has not shown that counsel made such serious errors that he was not functioning effectively as counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

The judgment of conviction is affirmed.[1]

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   February 1, 2001

Do Not Publish

---

[1] The State's "motion to abate or affirm" is dismissed.