NUMBER 13-01-150-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI



 LUIS HERRERA, JR., A/K/A LUIS CAMPOS HERRERA , Appellant,


v.


THE STATE OF TEXAS , Appellee.





On appeal from the 156th District Court

of Bee County, Texas.





O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey


 Pursuant to a plea-bargain agreement appellant, Luis Herrera, Jr., pleaded no contest to possession with intent to deliver a
controlled substance (cocaine). The trial court assessed punishment at ten years in prison. The issues raised on appeal are
whether the trial court made a finding of guilt prior to assessing punishment, and whether his sentence was disproportionate
to the seriousness of the crime, amounting to cruel and unusual punishment. (1) We affirm.

I. Background

On November 17, 2000, appellant waived a jury trial and pleaded no contest to the charge in the indictment. The trial court
admonished appellant, accepted his plea, and admitted the plea papers into evidence. Upon approving the stipulation of
evidence the trial court stated, "Mr. Herrera [appellant] on the evidence, Court finds there's sufficient evidence to find you
guilty of the offense as alleged in the indictment. . . ." The trial court set sentencing for December 21, 2000 and ordered a
pre-sentence investigation report (PSI). On December 21, 2000, a visiting judge sentenced appellant to ten years in prison.

II. Analysis


 By point one appellant asserts that his punishment is void, because the trial court did not make a specific finding of guilt
prior to assessment of punishment. We disagree with this assertion and hold that the trial court made a finding of guilt
prior to assessment of punishment.

When a trial court sentences an accused without first finding him guilty the judgment is not final, and we must dismiss the
appeal for want of jurisdiction. Warren v. State, 784 S.W.2d 56, 63 (Tex. App.-Houston [1st Dist.] 1989, pet. ref'd). 
InVillela v. State, 564 S.W.2d 750 (Tex. Crim. App. 1978) the court stated that "[w]hen the trial judge, after admonishing
the appellant, accepting the appellant's pleas, and hearing the State's evidence, held the assessment of punishment in
abeyance and ordered a presentence investigation, he necessarily implied that he had found the appellant guilty in each
case." Id. at 751.

Here the trial court admonished appellant, accepted the no-contest plea, and after receiving and approving the stipulation of
evidence, set the punishment hearing for a later date and ordered a PSI. Further the trial judge stated that there was
sufficient evidence to find appellant guilty of the offense as alleged in the indictment. Thus we have an implied finding of
guilt, see Villela, 564 S.W.2d at 751, along with an express oral pronouncement by the trial judge that he found appellant
guilty. We overrule point one.

By point two appellant asserts that the ten-year sentence was disproportionate to the seriousness of the alleged offense and,
thus, constituted cruel and unusual punishment. Appellant did not make an objection to the trial court that his sentence was
disproportionate to the seriousness of the crime, amounting to cruel and unusual punishment. Accordingly this issue is not
preserve for our review. Tex. R. App. P. 33.1. We point out, however, that Texas has long held that punishments falling
within prescribed statutory limitations are not cruel and unusual within the meaning of the Texas Constitution. See, e.g.,
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Price v. State, 35 S.W.3d 136, 144 (Tex. App.-Waco 2000,
pet. ref'd) (op. on reh'g). The ten-year sentence fell within the punishment range for this offense, a first-degree felony.

Regarding disproportionate sentences in a non-death-penalty context we initially make a threshold comparison of the
offense against the severity of the sentence. McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992). Only upon a
determination that the sentence is grossly disproportionate to the offense would we consider the remaining factors
announced in Solem v. Helm, 463 U.S. 277, 292 (1983) (identifying three criteria for courts to use to evaluate
proportionality of a sentence). Here the offense committed by appellant is classified as within the second most serious
category of offenses in Texas, capital offenses being the most serious. The harm threatened by this offense to society is
great; cocaine is an addictive, deadly drug. Comparing the gravity of appellant's offense to the severity of his sentence we
hold that appellant's sentence is not grossly disproportionate in violation of the Eighth Amendment. We overrule point
two.

We AFFIRM the trial court's judgment.





______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 29th day of November, 2001.

1. The State did not file an appellate brief.