NO.
12-04-00282-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

AARON CODY HAWKINS, §                      APPEAL
FROM THE EIGHTH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      HOPKINS
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Aaron
Cody Hawkins appeals the trial court’s order revoking his deferred adjudication
community supervision, following which he was sentenced to imprisonment for
twenty years.  Appellant raises two
issues on appeal.  We dismiss for want of jurisdiction in part and affirm in part.

 

Background

            On April 11, 2001, Appellant pleaded
guilty to the offense of sexual assault of a child and  was placed on deferred adjudication community
supervision for ten years.  On March 4,
2004, the State filed a “Motion to Proceed with Adjudication” of guilt,
alleging, in part, that Appellant violated the terms of his community
supervision by sexually assaulting a child and by being in the presence of a
child younger than seventeen years of age. 
After a hearing, the trial court found that Appellant had violated the
terms of his community supervision.  The
court held a separate punishment hearing and assessed punishment at twenty
years of imprisonment.  This appeal
followed.

 

 

Admission of
Evidence

            In his second issue, Appellant
argues that the trial court erred in the admission of certain evidence at the
hearing to determine whether he had violated the terms of his community
supervision.  By statute, a person
alleged to have violated the conditions of his community supervision is
entitled to a hearing to determine whether the court proceeds with an
adjudication of guilt.  Tex. Code Crim. Proc. Ann. art. 42.12, §
5(b) (Vernon 2003).  However, the same
statute directs that no appeal may be taken from this determination.  Id.  The language of the statute is plain, and the
court of criminal appeals has consistently held that appeals may not be heard
from a trial court’s determination to proceed to final adjudication.  See Hogans v. State, 176
S.W.3d 829, 832 (Tex. Crim. App. 2005) (“Thus, if an appeal raises a claim of
purported error in the adjudication of guilt determination, a court of appeals
should dismiss that claim without reaching the merits.”); Connolly v.
State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); see also Cox
v. State, 156 S.W.3d 599, 603 (Tex. App.–Tyler 2004, pet. ref’d).  Appellant’s issue relates to the admission of
evidence at the hearing to consider whether to proceed with an adjudication of
guilt.  Therefore, we lack jurisdiction
to review Appellant’s second issue.

 

Pronouncement of
Guilt

            In his first issue, Appellant argues
both that the trial court lacked jurisdiction to assess punishment and that his
statutory due process rights were violated because the trial court did not make
an oral pronouncement of guilt before holding a punishment hearing.

            At the close of the evidence in the
adjudication phase of the trial, the trial court stated: “The Court will make
the following findings in this case. 
Having heard the argument of Counsel, heard the evidence, the Court will
find that he has violated his probation by violating conditions A, C, B(b), M,
H(1), H(2), H(3), and R.”  The trial
court did not make a formal pronouncement of guilt, but scheduled a punishment
hearing and directed the preparation of a presentence investigation
report.  The trial court entered a
written judgment reflecting that it found Appellant guilty and sentenced him.

            When the trial court conducts a
hearing on the adjudication of guilt and then holds the assessment of punishment
in abeyance and orders a presentence investigation, the court necessarily
implies that it has found the defendant guilty. 
See Villela v. State, 564
S.W.2d 750, 751 (Tex.  Crim.  App. 
1978).  The court of criminal
appeals has observed that beyond the pronouncement of sentence “no further
ritual or special incantation from the bench is necessary to accomplish an
adjudication of guilt.”  Jones v.
State, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990).[1]  Further, a written judgment is valid even in
the absence of an express oral pronouncement of guilt by the trial court.  Parks v. State, 960
S.W.2d 234, 238 (Tex. App.–Houston [1st Dist.] 1997, pet. ref’d) (citing Villela
v. State, 564 S.W.2d 750, 751 (Tex.  Crim. 
App.  1978)).

            This court considered a similar
complaint in Hicks v. State, Nos. 12-00-00301-CR, 12-00-00302-CR,
2002 WL 1065985, *1 (Tex. App.–Tyler 2002, no pet.) (not designated for
publication).  In Hicks the
trial court assessed punishment without formally stating that it found the
defendant guilty.  Id.  As here, a written judgment reflected a
finding of guilt.  Relying on Villela,
we held that the trial court’s oral pronouncement revoking the deferred
adjudication necessarily implied a finding of guilt.  Id.  In this case, the trial court implicitly
found Appellant guilty when it found that he violated the conditions of his community
supervision, ordered a presentence report, and scheduled a punishment
hearing.  Because the trial court found
Appellant guilty before beginning a punishment hearing, the court did not err
when it assessed punishment.

            Appellant’s due process argument
presupposes that the trial court did not pronounce his guilt before assessing
his punishment.  We have held to the
contrary.  Therefore, we also resolve his
due process claim against him.  

            Appellant’s first issue is
overruled.

 

DISPOSITION

            This court is without jurisdiction
to consider Appellant’s second issue, and we dismiss that portion
of the appeal.  Having overruled
Appellant’s first issue, we affirm the trial court’s judgment.

                        

 

 

 

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

 

 

 

 

Opinion delivered April 28, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)











[1] By contrast, the
sentence in a felony case must be pronounced in the defendant’s presence.  See Tex.
Code Crim. Proc. Ann. art. 42.03(1)(a) (Vernon 2003).