TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00265-CR






Terry Jack Ayers, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT

NO. 8105, HONORABLE C. W. DUNCAN JR. JUDGE PRESIDING




M E M O R A N D U M O P I N I ON



 Terry Jack Ayers was convicted of intoxication assault with a deadly weapon on a
plea of guilty without an agreed sentence. The court assessed sentence at seven years in prison plus
$360,000 in restitution. On appeal, Ayers contends that the trial court failed to make findings that
he was guilty or that the evidence was sufficient to support his guilty plea. He argues that oral
pronouncements of such findings are required, and asserts that the written judgment does not recite
that the evidence was sufficient to support guilt. We affirm the judgment of conviction.

 The trial court held a hearing at which it accepted Ayers's plea of guilt, accepted his
judicial confession, heard evidence on punishment, and assessed sentence. In that process, the court
admonished Ayers of the nature of the offense and the range of punishment and had Ayers confirm
orally that he waived his right to jury without a punishment recommendation from the State, waived
the rights to confront witnesses and to avoid self-incrimination, and was competent and that his plea
of guilt was voluntary. The court accepted his plea. When the State offered Ayers's judicial
confession, the court had Ayers confirm that he had read and understood the document, realized he
was admitting his guilt, and did not object to the confession's admission. The court admitted the
confession. The court then inquired similarly about Ayers's plea to the enhancement paragraphs. 
When the State rested and Ayers stated that he had no evidence on guilt or innocence, the court
moved on to the punishment phase without objection. After hearing testimony, the court
assessed sentence. 

 At no point in this process did Ayers object to or complain about the lack of the
allegedly missing findings. He has not preserved this error for appellate review. See Tex. R.
App. P. 33.1(a). 

 Ayers cites no authority for the proposition that the trial court is required to make
express findings of guilt and sufficiency of the evidence orally in court and that the failure to do so
invalidates an otherwise properly supported judgment of guilt. (1) 

 When a defendant pleads guilty to the court without a jury, the State must introduce
evidence into the record showing the defendant's guilt and the evidence must be "accepted by the
court as the basis for its judgment and in no event shall a person charged be convicted upon his plea
without sufficient evidence to support the same." Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). 
The Court of Criminal Appeals has rejected a defendant's assertion that the trial court's failure to
orally pronounce him guilty rendered a written judgment finding him guilty void:


 When the trial judge, after admonishing the appellant, accepting the appellant's pleas,
and hearing the State's evidence, held the assessment of punishment in abeyance and
ordered a presentence investigation, he necessarily implied that he had found the
appellant guilty in each case. We hold that the trial judge's action renders the written
judgments sufficient as supported by the records.

 

Villela v. State, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978).

 When assessing sentence in this case after admonishing Ayers, accepting his plea, and
hearing the State's evidence, the trial court orally stated, "The court has previously found you guilty
of the offense as set out and alleged in the indictment, has found the two enhancing paragraphs to
be true, and has found you guilty of such offense." The written judgment provides, "The Court
FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that
defendant is GUILTY of the above offense." Even if the court's oral statement was insufficient, the
written judgment is an adequate expression of the court's finding that Ayers is guilty.

 We conclude that a finding of guilt necessarily includes a finding that the evidence
is sufficient to support a finding of guilt. Sufficient evidence must support the finding of guilt. 
Tex. Code Crim. Proc. Ann. art. 1.15. Ayers does not cite and we do not find a statutory or caselaw
requirement that a trial court finding a defendant guilty must make a separate, express
finding--oral or written--that the evidence is sufficient to support a finding of guilt. While a trial
court might erroneously find someone guilty when the evidence is insufficient to support that
finding, the remedy for that is to complain that the evidence is insufficient to support the judgment. 
No such complaint is made here nor, based on the record before us, would one succeed. See
Ferguson v. State, 571 S.W.2d 908, 910 (Tex. Crim. App. 1978) ("[A] judicial confession is alone
sufficient to sustain a conviction on a guilty plea under Art. 1.15 . . . .").

 Affirmed.

 

 

 G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: December 11, 2008

Do Not Publish
1. In the text of his argument, Ayers also asserts that the written judgment does not satisfy the
requirements of article 42.08, see Tex. Code Crim. Proc. Ann. art. 42.08 (West 2006), but does not
point out specific deficiencies. No deficiencies are apparent on the face of the judgment.