# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00265-CR

**Terry Jack Ayers, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
### NO. 8105, HONORABLE C. W. DUNCAN JR. JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Terry Jack Ayers was convicted of intoxication assault with a deadly weapon on a plea of guilty without an agreed sentence. The court assessed sentence at seven years in prison plus $360,000 in restitution. On appeal, Ayers contends that the trial court failed to make findings that he was guilty or that the evidence was sufficient to support his guilty plea. He argues that oral pronouncements of such findings are required, and asserts that the written judgment does not recite that the evidence was sufficient to support guilt. We affirm the judgment of conviction.

The trial court held a hearing at which it accepted Ayers's plea of guilt, accepted his judicial confession, heard evidence on punishment, and assessed sentence. In that process, the court admonished Ayers of the nature of the offense and the range of punishment and had Ayers confirm orally that he waived his right to jury without a punishment recommendation from the State, waived the rights to confront witnesses and to avoid self-incrimination, and was competent and that his plea

of guilt was voluntary. The court accepted his plea. When the State offered Ayers's judicial confession, the court had Ayers confirm that he had read and understood the document, realized he was admitting his guilt, and did not object to the confession's admission. The court admitted the confession. The court then inquired similarly about Ayers's plea to the enhancement paragraphs. When the State rested and Ayers stated that he had no evidence on guilt or innocence, the court moved on to the punishment phase without objection. After hearing testimony, the court assessed sentence.

At no point in this process did Ayers object to or complain about the lack of the allegedly missing findings. He has not preserved this error for appellate review. *See* Tex. R. App. P. 33.1(a).

Ayers cites no authority for the proposition that the trial court is required to make express findings of guilt and sufficiency of the evidence orally in court and that the failure to do so invalidates an otherwise properly supported judgment of guilt.[1]

When a defendant pleads guilty to the court without a jury, the State must introduce evidence into the record showing the defendant's guilt and the evidence must be "accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). The Court of Criminal Appeals has rejected a defendant's assertion that the trial court's failure to orally pronounce him guilty rendered a written judgment finding him guilty void:

---

[1] In the text of his argument, Ayers also asserts that the written judgment does not satisfy the requirements of article 42.08, *see* Tex. Code Crim. Proc. Ann. art. 42.08 (West 2006), but does not point out specific deficiencies. No deficiencies are apparent on the face of the judgment.

> When the trial judge, after admonishing the appellant, accepting the appellant's pleas, and hearing the State's evidence, held the assessment of punishment in abeyance and ordered a presentence investigation, he necessarily implied that he had found the appellant guilty in each case. We hold that the trial judge's action renders the written judgments sufficient as supported by the records.

*Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978).

When assessing sentence in this case after admonishing Ayers, accepting his plea, and hearing the State's evidence, the trial court orally stated, "The court has previously found you guilty of the offense as set out and alleged in the indictment, has found the two enhancing paragraphs to be true, and has found you guilty of such offense." The written judgment provides, "The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that defendant is GUILTY of the above offense." Even if the court's oral statement was insufficient, the written judgment is an adequate expression of the court's finding that Ayers is guilty.

We conclude that a finding of guilt necessarily includes a finding that the evidence is sufficient to support a finding of guilt. Sufficient evidence must support the finding of guilt. Tex. Code Crim. Proc. Ann. art. 1.15. Ayers does not cite and we do not find a statutory or caselaw requirement that a trial court finding a defendant guilty must make a separate, express finding—oral or written—that the evidence is sufficient to support a finding of guilt. While a trial court might erroneously find someone guilty when the evidence is insufficient to support that finding, the remedy for that is to complain that the evidence is insufficient to support the judgment. No such complaint is made here nor, based on the record before us, would one succeed. *See*

3

*Ferguson v. State*, 571 S.W.2d 908, 910 (Tex. Crim. App. 1978) ("[A] judicial confession is alone sufficient to sustain a conviction on a guilty plea under Art. 1.15 . . . .").

        Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   December 11, 2008

Do Not Publish