

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00174-CR

ROBERT PRESTON RAY A/K/A ROBERT D. RAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court 4
Tarrant County, Texas
Trial Court No. 1226573D, Honorable Michael Thomas, Presiding

September 5, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Robert Preston Ray was convicted of burglary of a habitation upon an open plea of guilty and sentenced to twenty-five years imprisonment. In challenging his conviction, he claims 1) his punishment was void due to it exceeding the statutory range, 2) he received ineffective assistance of counsel because his attorney failed to argue that a prior conviction for a felony of the third degree should be treated as a conviction for a class A misdemeanor or a state jail felony offense, and 3) he received

ineffective assistance of counsel because his counsel waived a reporter's record of the plea hearing.  We affirm the judgment.

*Issue 1 – Void Punishment*

In his first issue, appellant argues that his sentence of twenty-five years is void since it allegedly exceeds the permissible range of punishment.  It purportedly exceeds the permissible range since the trial court never satisfied a prerequisite for assessing that amount, the prerequisite being an oral pronouncement that the enhancement allegations in the indictment were true.  We overrule the issue.

The indictment contained an "Habitual Offender Notice" in which the State alleged that appellant had been convicted in 1999 of being a felon in possession of a firearm and in August of 1993 of burglarizing a vehicle.  Both were felony convictions.  Furthermore, appellant judicially confessed (in writing) that not only were "[a]ll facts alleged in the indictment . . . true and correct" but also that "[a]ll enhancement and habitual [offender] allegations . . . [were] true and correct," with an exception not here pertinent.  At the sentencing hearing, the trial court noted that appellant pled that the habitual offender allegations were true and then sentenced him as an habitual offender to the minimum term of twenty-five years imprisonment.  However, it did not orally pronounce that the enhancement allegations were true.  Instead, it stated in its judgment that the enhancement paragraphs were true and specifically incorporated the following passage in the same document: "HABITUAL OFFENDER NOTICE – TRUE."

Unless the enhancement allegations were found true, appellant could not have been sentenced to prison for twenty-five years; this is so since the maximum term for the second degree felony of burglarizing a vehicle, *see* TEX. PENAL CODE ANN. §

30.02(c)(1) (West 2011), was twenty years. *Id.* § 12.33(a). In other words, it took a finding of true to the enhancement paragraph to elevate the sentence to a twenty-five-year term. *See id.* § 12.42(d) (West Supp. 2012). And, because the trial court did not orally find the allegations to be true, according to appellant, he could not have been assessed the greater punishment. We disagree.

Just as a trial court can implicitly find an accused guilty without uttering the word "guilty" while pronouncing sentencing, *Villela v. State,* 564 S.W.2d 750, 751 (Tex. Crim. App. 1978), it can implicitly find enhancement allegations to be true. *Waggoner v. State,* No. 11-07-00335-CR, 2009 Tex. App. LEXIS 4805, at *8 (Tex. App.–Eastland June 25, 2009, pet. ref'd) (not designated for publication) (wherein the reviewing court determined that the finding of true was implicit in the trial court's revocation of Waggoner's community supervision and ordering of a presentence investigation). And by acknowledging that appellant had pled true to the enhancement paragraph, pronouncing sentence at twenty-five years, and ultimately writing in the judgment that the allegations were true, the trial court at bar implicitly pronounced that the enhancement or habitual offender allegations were true.

*Issue 2 – Failure to Object to Enhancement*

In his second issue, appellant would have us conclude that his trial counsel was ineffective since he did not argue that a prior felony conviction should be treated (for purposes of punishment) as a class A misdemeanor or state jail felony.[1] Why counsel did not so argue appears nowhere in the record. Indeed, appellant acknowledges in his brief that he raises the claims of ineffectiveness for the first time on appeal. So, it can

---

[1]Apparently, the offense was a felony when committed but legislatively changed to a class A misdemeanor. Appellant acknowledges, though, that the conviction was and remains a felony.

be said that trial counsel lacked the opportunity to address the matter or otherwise justify his omission. And, that is fatal to appellant's issue, according to the opinion in *Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012). The issue is overruled.

*Issue 3 – Waiver of Reporter's Record*

In his third issue, appellant argues that his counsel again was ineffective for allowing him to waive the presence of a court reporter at his plea hearing. That the presence of a reporter may be waived is beyond dispute. *See* TEX. R. APP. P. 13.1(a) (stating that a court reporter must attend court sessions and make a full record of the proceedings unless excused by agreement of the parties). Here, the record reveals that appellant waived the presence of the reporter via the plea admonishments signed by him, his attorney, counsel for the State, and the trial court. Furthermore, his trial attorney was not afforded opportunity below to explain (via a motion for new trial or otherwise) why he permitted that. Thus, we cannot but overrule the issue on the authority of *Menefield v. State*, *supra.*

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.