# NO. 12-14-00005-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSEPH FINLEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joseph Finley appeals his conviction for aggravated robbery, for which he was assessed a sentence of imprisonment for fifteen years. In two issues, Appellant argues that the evidence is legally insufficient to support his conviction and that fundamental error exists because his guilt was not adjudicated in his presence. We modify the trial court's judgment and affirm the judgment as modified.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery and pleaded "not guilty." The matter proceeded to a bench trial.

The evidence at trial showed that as Shirley Williamson and her daughter Amy Lair were leaving the Lufkin Mall, a man grabbed Williamson's purse, pulled her to the ground, and dragged her across the parking lot before gaining control of the purse and running away. Williamson suffered abrasions to her knee and elbow and a fractured shoulder as a result. Williamson did not get a good look at the man, but Lair later identified Appellant from a photo lineup. Williamson was sixty-eight years of age at the time of the offense.

Appellant was charged with aggravated robbery and abuse of Williamson's credit cards. He pleaded "guilty" to the credit card abuse but "not guilty" to the aggravated robbery.

Ultimately, the trial court found Appellant "guilty" of aggravated robbery and assessed his punishment at imprisonment for fifteen years. This appeal followed.

EVIDENTIARY SUFFICIENCY

In his first issue, Appellant argues that the evidence is legally insufficient to support his conviction.

**Standard of Review and Governing Law**

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. This requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

To prove Appellant guilty of aggravated robbery in this case, the State was required to prove that (1) while in the course of committing theft of property and with intent to obtain or maintain control of said property, (2) he intentionally, knowingly, or recklessly caused bodily

---

[1] 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).

injury to Shirley Williamson by pulling her to the ground as he stole her purse, and that (3) Williamson was sixty-five years of age or older at the time. *See* TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (West 2011).

**Analysis**

Appellant argues that there is a substantial likelihood that Lair misidentified him as the robber, such that the admission of her identification testimony violated his right to due process of law. Consequently, he argues that we should not consider Lair's identification testimony in determining the sufficiency of the evidence. Appellant contends that the remainder of the evidence in the case does not establish his guilt beyond a reasonable doubt.

In arguing that we should not consider Lair's identification testimony, Appellant asserts that "[e]vidence amounting to a violation of due process should not satisfy the due process guarantee that legally sufficient evidence support [a] conviction." Because Lair's identification testimony did not violate Appellant's due process rights, we need not address the merits of this assertion.

Due process rights may be violated when police employ pretrial identification procedures that are unnecessarily suggestive and conducive to irreparable mistaken identification. *Stovall v. Denno*, 388 U.S. 293, 302, 87 S. Ct. 1967, 1972, 18 L. Ed. 2d 1199 (1967). The identification testimony will nonetheless be admissible if the indicia of reliability outweigh the apparent corrupting effect of the unnecessarily suggestive pretrial occurrence. *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S. Ct. 2243, 2253, 53 L. Ed. 2d 140 (1977). This pretrial reliability screening for identification testimony has not been extended to cases in which the suggestive circumstances were not arranged by law enforcement officers. *Perry v. New Hampshire*, 132 S. Ct. 716, 720, 181 L. Ed. 2d 694 (2012).

Appellant does not complain that the police employed suggestive identification procedures. He bases his complaint that Lair's identification testimony violated his due process rights on the fact that she saw a newspaper article reporting his arrest prior to her identification of him in the police lineup. While such circumstances are certainly suggestive of his guilt, there is no evidence that this was a procedure arranged by the police to influence Lair. Absent such police involvement in arranging the suggestive circumstances, Appellant's due process rights are not implicated by the identification testimony. *See id.* at 730; *see also Rogers v. State*, 774 S.W.2d 247, 259-60 (Tex. Crim. App. 1989) (witness's in-court identification not rendered

3

constitutionally inadmissible by prior exposure to newspaper photograph depicting appellant's arrest).

Appellant does not dispute any element of the offense other than identification. Having determined that no due process issue exists regarding Lair's identification testimony, we next assess whether, based on all of the evidence, a rational jury could have found beyond a reasonable doubt that Appellant is the person who robbed Williamson of her purse.

Lair testified that on the day of the robbery, she saw a "nice young man" standing outside the mall. She looked at him for a second or two and said hello as she waited for her mother to exit the building. He smirked back as if to say hello. The young man was black, and he was wearing blue jeans, a black jacket, and a purple hat with white trim. As Lair walked toward the car with her mother, she thought she heard someone behind her. She heard her mother yell "help me, help me" and saw her fall to the ground. Lair saw a man with her mother's purse. He ran away, and Lair gave chase before losing him and returning to her mother's aid. Lair did not see the young man's face as he was robbing Williamson. But she knew that it was the same person she saw before because he was wearing the exact same clothing. Lair stated that she had no doubt it was the same person.

Williamson testified that she immediately went home and cancelled her credit cards. She learned that some of her credit cards were used shortly after the robbery, and she passed that information on to the police. Through their investigation, the police were able to obtain surveillance video from two of the locations where the credit cards were used. They also obtained the date of birth that was given at the time of purchase. The police searched their records using the date of birth along with the criteria of "black male" and found three matches: Joe, Joey, and Joseph Finley.

Williamson also testified that later that day, an acquaintance called and said that her employee had found one of Williamson's checks on his way to work. Williamson had previously filled out the check to be used as her church contribution, but had not filled in the payee line. When the check was recovered, the payee line contained the name "Joseph Finley."

About two weeks to a month later, Lair saw articles in the Lufkin Daily News reporting that two suspects were arrested for a similar robbery in December 2012. She learned that Appellant was one of these suspects and was also charged in her mother's case. At least one article included Appellant's photograph. When Lair saw Appellant's photograph, she noticed

that he had more facial hair than her mother's robber had. Nonetheless, she was "pretty positive" that he was the one she saw that day.

In or around May 2013, Lair was shown an array of photographs at the Lufkin police station. The detective assigned to the case gave the photographs to another detective and asked him to show them to Lair. The second detective did not know anything about the case and did not know whether the suspect's photograph was included in the array. He told Lair that she may or may not find the robber among the photographs and that she did not have to make a decision. He stepped out of the room, and Lair selected a photograph of Appellant. She stated that she was about ninety percent sure Appellant was the robber. Lair testified that seeing Appellant's photograph in the newspaper had no influence on her selection of Appellant from the array.

Appellant took the stand and testified on his own behalf. He told the trial court that he, his sister, his girlfriend, and Trent Land were living together in an apartment in Beaumont. In November 2012, they were short on rent and decided to travel to Lufkin to get money from Land's brother and visit friends. They went to the mall to meet the brother, but he was not there. Land told Appellant that he was going to "hit a lick." Appellant and the women left the mall and picked Land up later at another location near the mall. Appellant claimed that the phrase "hit a lick" is a vague way of saying "get some money when you need it." He admitted that the second surveillance video depicted him using credit cards that he was not authorized to use. He stated that he was buying cigarettes to trade for marijuana and cocaine. Appellant claimed that Land had written his name on Williamson's check and told him to cash it. Appellant felt funny about it, so he threw the check out the window.

Based on our review of the record, we conclude that a rational finder of fact could have found that Appellant was the person who robbed Williamson. The eyewitness identification testimony, along with the remaining evidence of Appellant's guilt, justifies finding beyond a reasonable doubt that Appellant robbed Williamson. We therefore hold that the evidence is sufficient to support the trial court's finding of guilt. Accordingly, Appellant's first issue is overruled.

## PRONOUNCEMENT OF GUILT

In his second issue, Appellant argues that no pronouncement of guilt was made in his presence, and that this constitutes fundamental and structural error. Consequently, he argues that his conviction should be reversed and his case remanded for a new trial.

The record shows that Appellant's bench trial took place October 29, 2013. Neither the record of the bench trial nor the trial court's docket sheet reflects a finding of guilt on that date. The trial court's docket sheet shows that on December 16, 2013, a sentencing hearing was conducted in Appellant's presence, and he was sentenced to imprisonment for fifteen years. No record of that hearing was received by this court on appeal. We directed the trial court to determine whether this portion of the record was lost or destroyed and to make findings regarding the criteria for entitlement to a new trial under Texas Rule of Appellate Procedure 34.6(f). From the record and from the trial court's findings and conclusions, we determined that (1) Appellant timely requested a reporter's record; (2) the court reporter's notes and records of the sentencing hearing were lost or destroyed through no fault of Appellant; (3) the lost or destroyed portion was necessary to the appeal's resolution; and (4) the lost or destroyed portion could not be replaced by agreement of the parties, and no copy existed. This court adopted the trial court's findings and ordered a new sentencing hearing.

A new sentencing hearing was conducted on October 1, 2014. The trial court orally pronounced Appellant's guilt at the hearing. Appellant objected to the finding of guilt, arguing that the trial court was ordered to conduct a new hearing on sentencing only.

On appeal, Appellant contends that the trial court did not make a valid finding of guilt in his presence. He argues that the determination and pronouncement of guilt constitute a critical phase in the proceedings, and consequently he had a due process right to be present during that phase.

Appellant directs us to no authority for his proposition. To the contrary, the court of criminal appeals has held that the absence of an express pronouncement of guilt by the trial judge does not render a written judgment void. *Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978).

Furthermore, recitations in trial court records, such as a formal judgment, are binding in the absence of direct proof of their falsity. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). While there is no transcript of the original sentencing hearing, the trial court's

6

judgment recites that the trial court found Appellant guilty of the offense. The trial court's findings of fact also reflect that the trial court found Appellant guilty. Moreover, when the trial judge held the original sentencing hearing and sentenced Appellant to imprisonment, he necessarily implied that he had found Appellant guilty. *See Villela*, 564 S.W.2d at 751.

Appellant has not shown any direct proof that he was not pronounced guilty in his presence. Nor has he persuaded us that the absence of such a pronouncement constitutes reversible error. We conclude that Appellant has shown no error because of the alleged failure of the trial court to pronounce his guilt in his presence. Accordingly, we overrule Appellant's second issue.

## ERROR IN JUDGMENT

Although neither party has raised the issue, our review of the record reveals an error in the trial court's judgment. At trial, Appellant pleaded "not guilty" to the charged offense. The judgment, however, reflects that Appellant pleaded "guilty." It also reflects "fifteen (15) years confinement in the institutional division, TDCJ" as "terms of plea bargain." Therefore, the judgment should be modified to reflect that Appellant pleaded "not guilty," and to delete the purported plea bargain terms. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (appellate court has authority to correct trial court's judgment to make record speak the truth when it has necessary data and information).

## DISPOSITION

We have overruled Appellant's first and second issues but found error in the judgment. Accordingly, we *modify* the trial court's judgment to reflect that Appellant pleaded "not guilty" and to delete the purported plea bargain terms. We *affirm* the judgment as modified.

BRIAN HOYLE
Justice

Opinion delivered July 22, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 22, 2015

NO. 12-14-00005-CR

**JOSEPH FINLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2013-0140)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that Appellant pleaded "not guilty" and to delete the purported plea bargain terms; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*