ACCEPTED
12-15-00075-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/16/2015 12:23:15 PM
Pam Estes
CLERK

**<u>ORAL ARGUMENT NOT REQUESTED</u>**

**CAUSE NO. NO. 12-15-00075-CR**

**IN THE**
**COURT OF APPEALS**
**TWELFTH DISTRICT OF TEXAS**
**TYLER, TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/16/2015 12:23:15 PM
PAM ESTES
Clerk

_____

**CHARLES BLAKE DEFORE,**
**Appellant**

**VS.**

**THE STATE OF TEXAS,**
**Appellee**

_____

**Appeal in Cause No. 31077**
**On Appeal from the Third Judicial District Court**
**of Anderson County, Texas**

_____

**BRIEF FOR STATE**

_____

**Scott C. Holden**
**1ˢᵗ Asst. Criminal District Attorney**
**Anderson County, Texas**
**Anderson County Courthouse**
**Palestine, Texas  75801**
**Texas Bar No. #24036795**
**903/723-7400**

i

## IDENTITY OF PARTIES AND COUNSEL

**JUDGE PRESIDING:**

THE HONORABLE BASCOM W. BENTLEY III

**DEFENDANT/APPELLANT:**

CHARLES BLAKE DEFORE

**FOR THE DEFENDANT:**

APPELLATE ATTORNEY
COLIN MCFALL
513 N. CHURCH ST.
PALESTINE, TEXAS 75801

TRIAL COUNSEL
JEFF HERRINGTON
509 N. CHURCH ST.
PALESTINE, TX 75801

**FOR THE STATE:**

SCOTT C. HOLDEN
1ST ASSISTANT CRIMINAL DISTRICT ATTORNEY
ANDERSON COUNTY COURTHOUSE
500 N. CHURCH STREET, RM. 38
PALESTINE, TX 75801
sholden@co.anderson.tx.us
(903) 723-7400

# TABLE OF CONTENTS

**PAGE**

Identity of Parties and Counsel . . . . . . . ii

Table of Contents . . . . . . . . . iii

Index of Authorities . . . . . . . . iv

Statement of the Case . . . . . . . . 1

Issues Presented . . . . . . . . . 1

Statement of Facts . . . . . . . . . 1

Summary of Argument . . . . . . . . 2

State's Reply to Appellant's Point of Error 1 . . . . 2-4

Prayer . . . . . . . . . . 5

Certificate of Service . . . . . . . . 6

Certificate of Word Count . . . . . . . 6

# INDEX OF AUTHORITIES

**Cases**                                                                                          **Page**

*Jones v. State*, 795 S.W.2d 199 (Tex. Crim. App. 1990)          .          .          3

*Parks v. State*, 960 S.W.2d 234 (Tex.App.--Houston [1st Dist.] 1997, pet. ref'd)
.          .          .          .          .          .          .          .          .          .          .          .          3

*Villela v. State*, 564 S.W.2d 750 (Tex. Crim. App. 1978)          .          .          2,3


**Statutes and Rules**

Tex. Penal Code Ann. § 12.34(a).          .          .          .          .          .          .          4

Tex. Penal Code Ann. § 37.09(c).          .          .          .          .          .          .          4

## STATEMENT OF THE CASE

The Statement of the case is as stated in appellant's brief page 6. The Reporter's Record will be referred to as "V1, V2, etc." unless otherwise noted. The Clerk's Record will be referred to as "CR1" or "CR2". Appellant's Brief will be referred to as "AB" unless otherwise noted. Appellee is referred to as "State".

## ISSUES PRESENTED

**POINT OF ERROR 1:**

Appellant contends the trial court failed to adjudicate appellant guilty prior to sentence rendering the judgment void.

## STATEMENT OF FACTS

Are as stated in Appellant's brief.

## SUMMARY OF ARGUMENT

**POINT OF ERROR 1 RESTATED:**

Appellant contends the trial court failed to adjudicate appellant guilty prior to sentence rendering the judgment void.

## ARGUMENT

The court memorializing the sentence in the written judgment and the finding appellant guilty is sufficient.

## STATE'S REPLY TO APPELLANT'S POINT OF ERROR:

When the trial court conducts a hearing on the adjudication of guilt and then holds the assessment of punishment in abeyance and orders a presentence investigation, the court necessarily implies that it has found the defendant guilty. *Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978). The court of criminal appeals has observed that beyond the pronouncement of sentence "no further ritual or special incantation from the bench is necessary to accomplish an adjudication of guilt." *Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990). Further, a written judgment is valid even in the absence of an express oral pronouncement of guilt by the

trial court. *Parks v. State*, 960 S.W.2d 234, 238 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd) (citing *Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978)).

In the case at bar, the trial court held hearings on both cause numbers 31070 and 31077 at the same time. Witnesses testified to the facts alleged in both motions to adjudicate and at the conclusion of the hearings. At the conclusion of the motion to adjudicate hearing the trial court affirmatively stated, "I find the allegations, including the allegation of failure to report the arrest, to be true. All the allegations as amended from the testimony are granted." (V2, P28, L17-20) Clearly granting the State's Motions to Adjudicate.

The trial court then stated:

> In Cause Number 31,077, the Court hereby finds and adjudges you guilty as charged of the offense of manufacture and delivery of a controlled substance.
>
> Now, folks, what about Count 2? I didn't -- I didn't address Count 2. I grant the motion as to Count 2. The evidence was sufficient to support it, as well. Same and all shall be the order and judgment of this Court. So ordered. (V2, P28-29, L21-7)

This is show later in the sentencing hearing the court pronounced "All right. Having found and adjudged you guilty in both of these causes, I hereby assess your punishment in both causes to 30 years in the Institutional Division of the Texas Department of Corrections." (V2, P36, L6-10) and the judgment in this cause reflects the appellant was sentenced to 30 years. (CR127) as does the docket sheet. (CR130)

The trial court clearly adjudicated the defendant guilty and sentenced him to 30 years TDCJ. However, Count 2, Tampering with Evidence has a sentencing range of 2 to 10 years in TDCJ. Tex. Penal Code Ann. § 37.09(c); Tex. Penal Code Ann. § 12.34(a). As it is unclear what sentence the trial court gave the defendant in Count 2, this Court should remand the case back down to the trial court for a pronouncement of sentence within the punishment range of Count 2.

## **PRAYER**

**WHEREFORE** the Appellee prays that the Court upon consideration hereof affirm the decision of the Trial Court as to adjudication and remand the case to the trial court for sentencing within the proper punishment range.

Respectfully submitted by,

**SCOTT C. HOLDEN**
1st Asst. Criminal District Attorney
Anderson County, Texas
Anderson County Courthouse
500 N. Church Street, RM 38
Palestine, Texas  75801
Texas Bar No. #24036795
(903)723-7400

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief for the State has been delivered via fax/email to: Colin McFall on this the 16th day of October, 2015, in accordance with the provisions of the Texas Rules of Criminal and Appellate Procedure.

_____
**SCOTT C. HOLDEN, 1ST ASSISTANT
CRIMINAL DISTRICT ATTORNEY**

## CERTIFICATE OF WORD COUNT

I also certify that the entire word count of the State's reply brief is 1118 words.

_____
**SCOTT C. HOLDEN, 1ST ASSISTANT
CRIMINAL DISTRICT ATTORNEY**