**Opinion filed March 29, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00058-CR

_____

### JESSE ROBLES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CR22295

## MEMORANDUM OPINION

Initially, upon Jesse Robles's plea of no contest to the charge of credit card or debit card abuse, a state jail felony, the trial court deferred the adjudication of Appellant's guilt and placed him on community supervision for four years. Later, after the State had filed a motion to adjudicate and after the trial court had heard the motion, the trial court orally revoked Appellant's community supervision, assessed his punishment at confinement in a state jail facility for two years, and imposed the sentence accordingly. Although the trial court included a finding of guilt in a written

judgment that it entered later, the trial court did not include a finding of guilt in its oral announcement. That failure of the trial court is the focus of Appellant's sole issue on appeal. We affirm.

In its motion to adjudicate guilt, the State alleged that Appellant had violated multiple conditions of his deferred adjudication community supervision. At the hearing on the State's motion to adjudicate, the State waived two of the allegations. Appellant pleaded "true" to some, but not all, of the remaining allegations. Both the State and Appellant presented evidence at the hearing.

After the State and Appellant had presented evidence, the trial court said, "[T]he credible evidence in this case[] has shown by a preponderance of the evidence that [Appellant] violated every one of these conditions that are set out in the State's motion," except for those waived by the State. The trial court noted that the violations all occurred while Appellant was on deferred adjudication and sentenced Appellant to two years in a state jail facility. At no time during the hearing did the trial court expressly state that he found Appellant guilty of the original offense. The trial court later entered a written judgment in which it included an adjudication of guilt for the state jail felony offense of credit card or debit card abuse. It also included the two-year state jail sentence.

We cannot agree with Appellant's contention. A written judgment that is in proper form is not rendered void by the absence of an express oral pronouncement by the trial court that the accused is guilty of the offense. *Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978). The lack of such a pronouncement does not result in an illegal sentence. *See id.*; *Waggoner v. State*, No. 11-07-00335-CR, 2009 WL 1800617, at *2–3 (Tex. App.—Eastland June 25, 2009, pet. ref'd) (mem. op., not designated for publication); *Sanchez v. State*, 222 S.W.3d 85, 88 (Tex. App.—Tyler 2006, no pet.). The Texas Court of Criminal Appeals has observed that "[n]o further ritual or special incantation from the bench," other than the pronouncement of a

2

sentence, "is necessary to accomplish an adjudication of guilt." *Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990).

Before the trial court placed Appellant on deferred adjudication, it admonished him of the legal significance of a no contest plea, and to insure that Appellant entered his plea voluntarily, it admonished Appellant and asked about Appellant's background. Appellant waived his right to a jury trial and entered his no contest plea in accordance with a plea agreement that he receive deferred adjudication community supervision.

During the hearing on the State's motion to adjudicate, the trial court again admonished Appellant, accepted his plea, and heard evidence from both the State and Appellant. At the end of the hearing, the trial court found that Appellant had committed every alleged violation of the conditions of his community supervision, except for those waived by the State, and sentenced Appellant to two years in a state jail facility. We hold that the trial court's actions "necessarily implied that [it] had found" Appellant guilty and that there was no error. *See Villela*, 564 S.W.2d at 751.

In Appellant's argument, he asserts that the trial court's failure to find him guilty of the offense during the hearing violated his right to be present for the adjudication of his guilt. However, we note that Appellant was physically present when he originally pleaded no contest and when the trial court conducted a hearing on the State's motion to adjudicate. He was also present when the trial court announced its findings on the motion to adjudicate and when the trial court imposed sentence. Therefore, the trial court's failure to orally pronounce Appellant guilty of the offense at the hearing on the motion to adjudicate did not affect his rights to be present at trial under the Texas Code of Criminal Procedure or the Confrontation Clause of the United States Constitution. *See* U.S. CONST. amend. VI; TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006); *Illinois v. Allen*, 397 U.S. 337, 338 (1970). We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


March 29, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.