# NOS. 12-22-00295-CR
# 12-22-00296-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AUSTIN MARQUIS COLLINS,*<br>*APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Austin Marquis Collins appeals his convictions for possession of a controlled substance and tampering with physical evidence. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of a controlled substance in penalty group 2 in an amount of less than one gram[1] and tampering with physical evidence.[2] Pursuant to a plea bargain agreement, he pleaded "guilty," and the trial court deferred findings of guilt and placed him on community supervision for a period of three years.

---

[1] A state jail felony punishable by confinement for a term of not more than two years or less than 180 days and a possible fine not to exceed $10,000.00. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.116(a), (b) (West Supp. 2022); TEX. PENAL CODE ANN. §§ 12.35(a), (b) (West 2019).

[2] A third-degree felony punishable by imprisonment for a term of not more than ten years or less than two years and a possible fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. §§ 37.09(a)(1), (c) (West Supp. 2022), 12.34 (West 2019).

Subsequently, the State filed a motion to adjudicate guilt in which it alleged that Appellant violated certain terms and conditions of his community supervision. Specifically, the State alleged that Appellant failed to report, possessed marijuana on seven occasions, used or consumed marijuana on seven occasions, failed to submit to urinalyses on three occasions, failed to satisfactorily perform community service restitution, and failed to submit to an alcohol and drug treatment program as directed.

At a hearing on the motion, Appellant initially pleaded "true" to the allegations based on his counsel's representation that the State agreed to recommend a ten-month term of confinement in the possession case and a four-year term of imprisonment in the tampering case. When the State recommended twelve months instead of ten in the possession case, Appellant refused to agree, and the trial court entered pleas of "not true" on his behalf.

Smith County probation officer Halie Smart testified that Appellant failed to report, possessed marijuana, consumed marijuana, failed to submit to urinalyses, failed to perform community service restitution, and failed to complete the alcohol and drug treatment program as alleged. The trial court found the allegations "true" and revoked Appellant's community supervision.[3] The court assessed Appellant's punishment at confinement for a term of fifteen months in the possession case and imprisonment for a term of six years in the tampering case. This appeal followed.


### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel relates that she thoroughly reviewed the entire record and found no reversible error or jurisdictional defect. In compliance with ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[4]

---

[3] The trial court did not orally pronounce that it found Appellant "guilty" but implied as much by hearing the State's evidence, finding the allegations "true," and assessing his punishment. *See Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. [Panel Op.] 1978).

[4] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of the motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief was filed.

We conducted an independent review of the record in this case and found no reversible error. *See id.* We conclude that the appeal is wholly frivolous. *See id.*

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we *grant* counsel's motion for leave to withdraw and *affirm* the trial court's judgments.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgments to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered July 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2023

NO. 12-22-00295-CR

**AUSTIN MARQUIS COLLINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0243-21)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2023**

**NO. 12-22-00296-CR**

**AUSTIN MARQUIS COLLINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0242-21)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*