

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00044-CR

---

CLIFTON ADAM MENELEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 22nd District Court
Comal County, Texas
Trial Court No. CR2021-479, Honorable Bruce Boyer, Presiding

---

August 29, 2023

## MEMORANDUM OPINION

Before QUINN, C.J. and PARKER and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1] Pursuant to an open plea agreement, Appellant, Clifton

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Adam Meneley, was convicted of murder and sentenced to confinement for sixty years.[2] We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. The State notified this Court it would not file a response unless Appellant presented any meritorious issues.

---

[2] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.

**BACKGROUND**

Appellant and his girlfriend had been out celebrating her birthday. They were both intoxicated. They argued and she broke up with him. Approximately an hour later, while they were in his truck, he shot her twenty times and killed her. He was charged with intentionally or knowingly causing her death and voluntarily entered an open plea of guilty. The trial court heard evidence from numerous witnesses in the punishment phase.

The detective who investigated the incident testified Appellant was noncompliant when officers arrived at the scene. Officers were forced to shoot him with bean bag rounds to get him to relinquish his gun. He further testified Appellant had sent his boss text messages just hours before the shooting referencing killing the victim. Appellant claimed the texts were sent in jest.

The victim's mother and a close friend of the victim's both testified on the impact the death had in their lives. The mother portrayed the victim as having a happy and active childhood. The trauma of her death resulted in the family undergoing therapy. The friend described the extraordinary friendship he shared with the victim and how he "lost one of those rare people." The State then rested.

Appellant, forty at the time of trial, was employed and drawing a three-figure salary. He expressed remorse and took responsibility for the shooting. He admitted he and the victim were intoxicated at the time of the shooting and he could not recall killing her.

During cross-examination, he admitted he is skilled with firearms and has participated in shooting competitions. Although he claimed not to recall the shooting, he

3

did recall conversations from jailhouse calls made to his family members and former girlfriend within hours of being arrested.

Some of Appellant's family members and his former girlfriend testified to Appellant's character. They described him as "mellow" and unable to commit violence. Several witnesses believed the victim, who was also proficient with firearms, must have been the aggressor and Appellant simply acted in self-defense when he shot her twenty times.[4]

The defense argued for a sentence on the lower spectrum of the range of five to ninety-nine years while the State requested the maximum sentence. After reviewing the evidence, the trial court imposed a sentence of sixty years.

## ANALYSIS

By the *Anders* brief, counsel reviews all the phases of the proceedings and concludes no reversible error is presented. He does note a potential issue in the trial court's failure to pronounce Appellant guilty. Failure to do so, however, does not render the judgment of conviction void. *See Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978). The trial court's action in assessing punishment after a hearing is an implied rendition of guilt. *Id.* Beyond the pronouncement of sentence, "no further ritual or special incantation from the bench is necessary to accomplish an adjudication of guilt." *Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990).

---

[4] No firearm was found in the victim's possession.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Alex Yarbrough
Justice

Do not publish.